# Kenley, *et al. vs* Commonwealth, for Henderson.

Covenant.

### ERROR TO THE BOYLE CIRCUIT.

*Case 132.*

### *Bonds. Replevin. Damages.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

*July 3.*

THIS is an action brought by the Commonwealth for the use of Henderson, against Hiram Kenley and his sureties, on a bond executed by them in an action of replevin prosecuted by Kenley against Henderson, for two slaves, under the statute of 1842, (3 *Stat. Laws,* 503,) in which action Kenley was nonsuited, and judgment rendered for the return of the slaves and costs only; but no inquiry had or damages assessed for the injury sustained by reason of the action.

The case stated.

6bm583<br>118  400

The Circuit Court instructed the jury, that the defendants were liable on said bond for reasonable hire of the slaves whilst retained by the plaintiffs in replevin, and also for a reasonable amount paid by the defendant to his attorneys, in the defence of said action; whereupon they found a verdict for the same, together with the costs, &c. and the defendants have appealed to this Court.

The condition of the bond sued on is precisely the condition prescribed by the 4th section of the statute referred to, which is "to prosecute the suit with effect, and without delay, and to return the property in case it shall be so awarded, and to pay all *such damages* as may be *assessed* against the plaintiff, and the costs of the suit, and keep harmless the officer," &c.

The 9th section of the act provides the mode by which the damages sustained by a defendant in replevin may be *assessed*, and judgment rendered therefor, upon the termination of the action unfavorably to the plaintiff. And to secure the damages thus *assessed*, and no other, the condition of the bond was intended to provide. If no damages were *assessed* in the action, none can be recovered on the bond, as the condition provides for paying

The liability of the obligor in the bond required by the statute, on sueing out a writ of replevin, is in case of failing to restore the property and pay the damages assessed in the action of replevin, costs, &c. not extra costs of attorney's fees, &c.

the damages *assessed*, and not damages that were not assessed. No right of action accrues upon the bond until damages have been assessed. The default lies in failing to pay the damages *assessed.* If none were assessed, there can have been no breach of the condition of the bond in failing to pay, which would authorize a suit on the bond.

So much of the instruction of the Circuit Court, therefore, as authorized an inquiry into, and assessment of damages for hire of the slaves, and compensation to attorneys for the defence, which were not assessed on the trial of the replevin, was erroneous. The judgment of the Circuit Court is, therefore, reversed, and cause remanded, that a new trial may be granted without the payment of costs

*Kincaid* for plaintiffs: *Harlan & Craddock* for defendant.