CASE 49—ACTION BY JAMES D. CRABTREE AGAINST KENTUCKY LAND
& IMMIGRATION CO. ON A DELIVERY BOND FOR SAWLOGS.—JUNE 1.

# Kentucky Land & Immigration Company v. Crabtree.

118   395
d126  807

118   395
e128  509

APPEAL FROM LEE CIRCUIT COURT—D. B. REDWINE, CIRCUIT JUDGE

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

REPLEVIN—BOND BY PLAINTIFF—LIABILITY FOR COSTS—ATTORNEYS'
FEES—BREACH OF BOND—DISMISSAL OF SUIT—FAILURE TO PROS-
ECUTE.

1. Where plaintiff in replevin gave a bond undertaking to
pay to defendant such sums as might be adjudged against plain-
tiff in the action and the costs of the action, it was error in an
action on the bond to permit defendant in replevin to recover for
loss of time and expenses incurred in defending the action, to-
gether with an attorney's fee.

2. The bond given by plaintiff in replevin in order to secure
possession of the property obligated him to pay defendant in re-
plevin such sums as might be adjudged against plaintiff, or to
return the property if a return thereof should be adjudged.
Plaintiff dismissed the action, but the court did not adjudge either
a return of the property or the payment of any sum. HELD, that
the fact that plaintiff had not returned the property or paid the
value thereof did not authorize an action on the bond.

3. Where plaintiff in replevin, in order to obtain possession
of the property, gave a bond obligating him to prosecute the ac-
tion, and thereafter plaintiff dismissed the action, defendant in
replevin was entitled to recover on the bond the value of the
property taken, with interest.

GOURLEY & ROBERTS, ATTORNEYS FOR APPELLANTS.

For error herein we insist:

1. That plaintiff's petition and amended petition do not state a cause of action on the delivery or replevin bond, the only allegation being that defendants have failed to keep and perform the conditions of the bond and failed and refused to return the property or its value or any part thereof to plaintiff.

2. The verdict is not sustained by sufficient or any evidence.

3. All the evidence offered by the plaintiff was incompetent and was excepted to by defendant at the time.

4. Even if it be true that plaintiff was entitled to recover damages, an instruction which authorized him to recover for his loss of time and expenses and attorney's fees and the value of the logs was clearly erroneous.

### AUTHORITIES CITED.

Civil Code, secs. 184, 330; McRee v. Pope, 18 B. Mon., 557; Kenley v. Com., 6 B. Mon., 583; Cooper v. Brown, 7 Dana, 336; Stevens v. Tuite, 104 Mass., 328; Munding v. Michael, 10 O. C. C., 165; Thomas v. Irvine, 90 Ind., 557; Colston v. McVay, 1 A. K. Mar., 251.

A. F. BYRD, ATTORNEY FOR APPELLEE.

1. The only question in this case is whether the surety on the delivery bond is liable.

2. The action in which the delivery bond was executed having been dismissed by the plaintiff therein without prejudice and the property thereby acquired retained, we submit that the defendant in that action, who is the plaintiff here, is entitled to sue and recover damages on the bond.

3. The plaintiff proved that the logs taken from him under the delivery bond were worth $750; that his time and expenses in attending to the suit were worth $100, and that a reasonable attorney's fee would be $500, all of which he is entitled to recover in this action.

### AUTHORITIES CITED.

Civil Code, sec. 330; Stevens v. Tuite, 104 Mass., 328; Lawson's Rights and Remedies, vol. 7, p. 5651; Irnel v. VanDeren, 8 Col., 90; Meigs v. Keach, 1 Wash. Ter., 305; Waddell v. Bradway, 84 Ind., 537; Jones v. Smith, 79 Me., —; Little v. Bliss, 55 Kan., 94; Sutherland on Damages, sec. 502, vol. 2.

Kentucky Land & Immigration Co. v. Crabtree.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

In the month of April, 1903, appellee instituted this action against appellants, Kentucky Land & Immigration Company and the American Surety Company of New York, for $2,020 damages alleged to have been sustained by him under the following circumstances: He alleged that the Kentucky Land & Immigration Company instituted an action against him in the Lee circuit court in the month of October, 1897, and alleged that it was the owner of and entitled to the possession of 350 poplar and oak saw logs then in the possession of this appellee, and filed its affidavit as provided by section 180 of the Civil Code of Practice, and asked for an order of immediate delivery of this property to it. The order was granted, and delivered to the sheriff of Lee county, who complied with this order after the execution of the following bond: "We undertake to the defendant, James D. Crabtree, that the plaintiff Ky. Land & Immigration Co., shall duly prosecute this action and shall perform the judgment of the court therein by returning the logs ordered to be delivered to the plaintiff, if a return thereof be adjudged, and by paying to the defendant, James D. Crabtree, such sums of money as may be adjudged in this action against the plaintiff, not exceeding the sum of $1,460.00 and the costs of this action. This, the —— day of October, 1897" —which bond was signed by the plaintiff in that action and the American Surety Company of New York as its surety. Appellee, the defendant in that action, failed within two days to execute the bond to retain the property, and the sheriff turned over the property to the Kentucky Land & Immigration Company, as provided by the Code. Appellee also alleged in his petition that during the year 1897 the appellant disposed of these logs for its own use and benefit, and had not returned the logs, nor the value of them,

nor any part thereof, to this appellee; that on the 17th day of December, 1902, the appellant appeared in the Lee circuit court, and dismissed its action against appellee, thereby discharging the order of delivery. He alleged that at the time this order of delivery was issued and the logs taken from his possession he was the absolute owner of the same, and that the logs were worth the sum of $1,200 at that time. He also alleged that he had expended in hotel bills, horse hire, and loss of time and labor in procuring the attendance of witnesses in the preparation of that case and attending court sums amounting to $100, and that he had contracted to pay his attorneys in the defense of that case and the order of delivery the sum of $500.

The appellant traversed the allegations of the petition, except it admitted that it executed the bond, obtained possession of the logs under it, and that it dismissed its action as alleged. It denied it was responsible under this bond for attorney's fees or for hotel bills, horse hire, or for loss of time on the part of appellee in defending that action, and denied that it was responsible for the value of the logs received, for the reason that in that action the court failed to order a return of the logs or their value to the appellees. On the trial of this action the appellee recovered of the appellants $1,000 damages, from which the appellants have appealed.

The court, by its instructions, permitted the jury to compensate appellee for his loss of time and expenses incurred in defending the former action, including a reasonable attorney's fee incurred therein. and also the value of the logs taken by appellant from the possession of the appellee under the writ of delivery. The appellants complain of this instruction, and also contend that they were entitled to a peremptory instruction on the ground that under the terms

of the bond they were not obligated to pay anything except that which might be adjudged against them by the court in the action in which the bond was executed; and as the court did not adjudge a return of the logs, or their value, to the appellee, or adjudge any sum of money to be paid by appellants except the ordinary costs of the action, that appellee was not entitled to maintain action on this bond. In other words, that they were liable only for such sum as the court might have adjudged against them in that action.

Under the state of pleadings as they exist in this case, the appellants' contention is correct. We have not been referred to, nor have we been able to find, any decision of this court construing such a bond to make the obligors responsible for the loss of time, expenses incurred in defending the action, or attorney's fee expended on the part of the obligee. We have found one case reported in 2 Dana, 256, of Yantis v. Burditt, which, under our construction, excludes the idea of allowing such expense, and attorney's fee from being recovered. The court in that case said: "The court permitted the defendant to prove to the jury that he had paid $35 as fees to his attorneys in the action of replevin, which was proved to be a reasonable compensation, and that sum probably constituted part of the finding. Does that act authorize the recovery of the fee so paid? It declares the plaintiff in replevin liable for 'all legal costs, as well as the action of replevin, as the action on said bond, and all such other costs and damages as the defendant in replevin may show himself entitled to.' This language is certainly not as definite and explicit as could have been desired, but we do not perceive how we are to give any effect to the words 'such other costs and damages as he may show himself entitled to' unless they are construed to mean all such costs over and above the legal costs of the present suit

as he was necessarily subject to by reason of the suing forth and executing the writ of replevin. Neither is there any kind of cost which the defendant would be thereby made to incur that would fall more naturally within such a description than that extra compensation which he would necessarily have to pay attorneys for defending the suit, over and above the taxed fee. It is a cost or damage to which he was subjected exclusively by reason of the institution of the replevin suit, and would seem, therefore, to present the strongest claim for being embraced by the legislative description of such other costs and damages as he might show himself entitled to over and above the legal cost of that suit." The allowance of the attorney's fee in this case was, by the peculiar language of the statute as it then existed, and the wording of the bond, permitted. It is clearly shown that, if the bond had only contained the words "all legal costs," the attorney's fee would not have been allowed. But by reason of the fact that, in addition to these words, the bond contained "and such other costs," he was entitled to recover the attorney's fee. This was unlike the bond in this action. It only provided for the recovery for the costs in that action in which it was executed; that is to say, only the legal and ordinary costs. To the same effect was the case of Kenley, etc., v. Commonwealth, for Henderson, 6 B. Mon., 583. We are of the opinion that the lower court erred in submitting these items of damage to the jury.

If appellee was entitled to recover in this action for anything, he was entitled to recover for the value of the logs at the time taken from him and the interest on that amount from that date; and on this question the court erred, to the prejudice of appellee, by not submitting the question of interest to the jury. The appellee, in his petition, does not allege any breach of the bond except a failure to return to

him the logs or pay him the value thereof, and it is shown by the order of the court in that action that the court did not adjudge that the appellant should do either of these things, and under the pleadings as they exist he is not entitled to recover in this action. From the record in this case it appears that there was a condition of the bond broken and violated by appellant. The appellants obligated themselves that they would duly prosecute that action, and, after getting possession of the logs by virtue of the bond, they then dismissed the action without prejudice, and failed to prosecute, as they had bound themselves to do. If appellee had alleged this stipulation in the bond, and the breach thereof, he could have recovered the value of the logs with the interest thereon.

In Vol. 24 (2d Ed.) Am. & Eng. Ecy., 540, it is said: "For breach of the condition duly to prosecute the action or prosecute the action to effect, the defendant has been held entitled to recover in an action on the bond all the damages he had sustained by reason of the institution of the replevin action and the taking of the property from his possession, such as the costs awarded to the defendant in the replevin action and damages for the detention of the property. And on breach of such a condition, a recovery for the value of the property in the case of its nonreturn has been permitted, though in some cases the courts have denied the right to recover the value of the property." And again, on the same page: "The condition to prosecute the action to effect or with effect requires a successful prosecution of the action, and extends to one continued prosecution from the commencement to the termination of the action. Thus, if on appeal by the defendant from a judgment in the lower court for the plaintiff the judgment is reversed, and no *venire de novo* is awarded, the condition is broken. The condition is

likewise broken when judgment passes against the plaintiff, or where the plaintiff suffers a voluntary or involuntary non-suit, dismissal, or discontinuance of the action." Again, on page 539, it is said: "The condition that the plaintiff shall duly prosecute has been held not to require that the plaintiff should be successful, but merely to require that the action be prosecuted to final judgment. Such condition, however, would be broken by the plaintiff suffering a dismissal of the action, or by unnecessary delay to prosecute with good cause, although no judgment was entered." The author refers to authorities in many States and to two in Kentucky to support this doctrine. The Kentucky cases are 2 Bibb, 199 (Roman, etc., v. Stratton), and 2 Dana, 256 (Yantis v. Burditt). This condition in the bond is as valuable to the defendant as any other. It would be unjust to allow a party to obtain possession of property by the execution of such a bond, and then fail to duly prosecute his action, and then upon his own motion to dismiss it without prejudice, and hold the property from the defendant. This appears to be the situation of the case before us.

For these reasons, the judgment of the lower court is reversed, and the cause remanded, with directions that the plaintiff be allowed to amend his pleadings, if desired, and for further proceedings consistent with this opinion.