CASE 93.—ACTION BY JOHN MURPHY AGAINST JACKSON MOUNTS ON A REPLEVIN BOND.—October 24.

# Mounts v. Murphy

| 126 | 803 |
| d128 | 510 |

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiff, defendant appeals.  Reversed.

1. Replevin—Redelivery Bonds—Liabilities.—Civil Code Prac., section 388, provides that in replevin, if the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property or its value if·the return can not be had and damages for the ·taking and withholding the same. Held, That, where a plaintiff suing for the · possession of property gave a bond to secure the performance of the judgment and was given possession· of the property, if defendant neglected on obtaining a judgment to have the damages for the withholding of the property determined in that action, he is barred of ·any .action therefor ·on the replevin bond.

2. Same—Actions—Right of Actions.—Where˙ plaintiff gave a bond to perform the judgment of the court and obtain possession of the cattle, and the defendant· secured judgment for the return of the· cattle, or, if this could not be had, for their value when ·taken, and the cattle were so injured when returned as to be reduced in value, the defendant may recover in an action on the bond for the difference in the value of the cattle when received and when returned.

N. J. AUXIER and P. B. STRATTON for appellant.

QUESTIONS INVOLVED AND AUTHORITIES CITED.

Recovery for. breach of bond in action of claim and delivery.

Mounts v. Murphy.

(Civil Code, section 184; Bates v. Buchanan, 2 Bush, 117; Kentucky Land & Immigration Co. v. Crabtree, 80 S. W., 1161.)

 · (No brief for appellee.)

OPINION OF THE COURT BY JUDGE NUNN— Reversing.

On the 8th day of August, 1904, Volentine Hatfield instituted an action in the Pike circuit court against appellee, John Murphy, to recover 10 head of work cattle and the rigging belonging to same, which consisted of yokes, chains, grabs, etc., and obtained an order for the immediate delivery of the property. Hatfield executed the bond required by section 184 of the Civil Code of Practice, and appellant became Hatfield's surety. The bond reads as folows: "We undertake to the defendant, John Murphy, that the plaintiff, Volentine Hatfield, shall duly prosecute this action and shall perform the judgment of the court therein by returning the cattle, yokes and chains as described in the petition and order of delivery, ordered to be delivered to the plaintiff if a return be adjudged, and by paying to the defendant, John Murphy, such sums of money as may be adjudged in this action against the plaintiff, not exceeding eight hundred and eighteen dollars and the cost of this action. This October 8th, 1904." The sheriff took charge of the property; appellee, Murphy, the defendant in that action, failing to execute bond and retain the property within the two days prescribed by the Code. The property was turned over to appellant, by the sheriff, who carried it to Virginia, his home. That action was ended with the following order: "This cause being submitted on motion to dismiss because the plaintiff being a nonresident of this State, and the plaintiff re-

fusing to give bond, it is ordered by the court that the cause be dsmissed for want of said bond for cost as required by the Code, and the defendant further moves the court for the restitution of said property, as described in the pleadings herein, and the court, being advised, orders and adjudges that the defendant, John A. Murphy, is entitled to an order of restitution of said property, if to be had, and, if not to be had, an execution to issue for the sum of $409.00, the value fixed by plaintiff on said property, and the clerk of this court will forthwith issue said order of restitution and upon the return of same, if the said property has not been restored, then the said clerk will issue an execution against the plaintiff, Volentine Hatfield, special receiver of the estate of S. A. Williamson, for the sum of $409.00, the value of the cattle taken under said writ, and the cost of this action.''

This action was instituted against the surety seeking to recover of him $25, cost expended in that action, $18 for ox yokes, chains, grabs, etc., which Hatfield failed to return under the order of court above copied, and $400 damages for the detention of the cattle and other property described, for eight months, and $300 damages for the difference between the value of the cattle when taken from him and the value of same when returned under the order of court referred to. Appellants answered, and averred that all the cost of that suit had been paid, which turned out to be true, and denied that they had failed to return the yokes, chains, etc., denied the damages for the detention of the cattle for eight months, and claimed that appellee had no right to recover in this action any damages for the detention of the cattle, averring that this damage, if any, ought to have been assessed when

the final judgment was rendered in that action, and denied the injury to the cattle, or that they were of less value when returned than when received under order of delivery. The parties had a trial, the jury found in favor of appellant with reference to the yokes, chains, etc., and found in behalf of appellee $300 for the detention of the cattle eight months, and $90 damages for injury to the cattle.

We are of opinion that the court erred in submitting to the jury the question of damages for the detention of the property. This matter should have been presented and determined in the other action, and, as appellee failed to present it and have the matter determined in that action, he is barred from recovering it from the surety on the bond. Section 388 of the Civil Code of Practice reads as follows: "In an action for the possession of specific personal property, the plaintiff may have judgment for its delivery, if it can be had; and, if not, for its value and for damages for its detention. If the property have been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for the return of the property, or its value if a return can not be had, and damages for the taking and withholding of the property." This section requires the defendant, in an action for the specific recovery of personal property, if he desires a return of the property, to have the judgment find for him in the alternative, i. e., the property if to be had, if not, its value and damages for the taking and withholding of it. The bond executed by appellant, as surety to Hatfield, provides that the surety is responsible for such sums of money as may be adjudged in the action against the plaintiff. Appellee might have had the question relative to the with-

holding of the cattle from him settled in that action, and the surety was obligated to pay it; but as the appellee neglected to have that done he is barred of any action against the surety therefor.

We are referred to the case of Kentucky Land & Immigration Co. v. Crabtree, 118 Ky. 395, 26 Ky. Law Rep. 283, 80 S. W. 1161, as authorizing an action on a bond against the surety to recover from him damages when not fixed in the judgment disposing of the action for the claim and delivery of the property. The question in that case was not like the case at bar. In that case the plaintiff in the action obtained possession of some logs by giving the bond and afterwards disposed of them, entered a motion, and dismissed the action without prejudice, and the court decided that it had violated its bond, in that it failed to duly prosecute the action. The court said in that case that: "The plaintiff should not be permitted, by the execution of a bond, to obtain the possession of the property and upon its own motion dismiss the action without prejudice, and thus relieve itself and surety from all responsibility on the bond." This case is different. Here the defendant, now appellee, upon his own motion caused a dismissal of that action and caused judgment to be rendered in his behalf for the property if to be had, if not, for its value, but failed to present and recover the damages he had sustained by the taking and withholding of the property from him. See, also the case of Rogers v. Bradford, 8 Bush, 163.

We are of the opinion that the court did not err in permitting appellee to recover of appellant the difference in the value of the cattle when received by Hatfield and the value when returned. The judgment of the court was for the return of the property,

if to be had; if not, the value at the time taken from him should be recovered. This surety bound himself, when he signed the bond, that the plaintiff in that action, Hatfield, would perform the judgment of the court. It did not satisfy the obligation when Hatfield returned the oxen, some of them with eyes knocked out and otherwise injured and in poor condition, as the testimony tends to show in this case. It is true that appellee might have elected to refuse the cattle on account of their condition, and collected their value as fixed in the judgment; but he was not bound to do so. He had a right to receive and keep them as a part performance of the judgment of the court. In the 8 Bush case, supra, this court said: "Under this provision we are of opinion that the judgment should have been in the alternative, and should have allowed appellant to discharge it in so far as the value of the property was concerned by its return." In our opinion a plaintiff and his bondsman, in an action for the specific recovery of personal property, should not be absolved from all further liability when a blind horse, made so by the plaintiff, is returned in lieu of a sound one taken from the defendant.

In our opinion the difference in the value of the property at the time taken and when returned may be recovered in an action like this, and such damages are not required by the Code to be fixed in the judgment in the action for claim and delivery of the property. In fact, it would be impossible to do so for the reason the property is at the time of the judgment in the possession of the plaintiff in the action, and not accessible to the defendant for inspection; nor can it be known in what condition the property will be when returned to the defendant.

For these reasons the judgment of the lower court is reversed and remanded, with directions to the lower court to set aside its judgment and render one in behalf of appellee for $90, with interest from the date of the verdict of the jury, and the cost of the action.