CASE 52.—ACTION BY W. A. RAY, &C., AGAINST T. T. VAL-
LANDINGHAM, &C., ON A REPLEVIN BOND.—
March 19.

## Vallandingham, &c. v. Ray, &c.

Appeal from Owen Circuit Court.

B. F. Menefee, Circuit Judge.

Judgment for plaintiffs. Defendants appeal.—Reversed.

1. Replevin—Redelivery Bond—Conditions.—Though plaintiff in
replevin is unsuccessful in maintaining his title or right to
the property, the condition of his bond to "duly prosecute"
the action is satisfied by his prompt trial of the action in
the circuit court and in the court of appeals.
2. Same—Liabilities:—Plaintiff in replevin, who obtained the
property by giving a bond conditioned to perform the judgment
rendered and return the property, if return be adjudged,
though unsuccessful in the action, is not liable on his bond
for failure to return the property, where defendant failed to
obtain a judgment for such return or any amount for the
seizure or detention of the property.

JAMES H. SETTLE for appellants.

CHARLES STROTHER for appellees.

Opinion of the Court by Judge Lassing—Reversing.

In April, 1904, J. B. Gibson filed suit against W. A.
Ray and J. C. Frazier, in which he alleged that he was
the owner of and entitled to the immediate possession
of a certain lot of tobacco, amounting to about 5,500

pounds, which he claimed to have purchased from them; that the defendants were unlawfully detaining the tobacco from him to his damage in the sum of $385. He prayed for an order of delivery for the tobacco, and for damages for withholding it from him. He executed the required bond. The order of delivery was issued, placed in the hands of the sheriff, and under this order of delivery the tobacco in question was taken and delivered to the plaintiff. When the case come on for trial the defendants Ray and Frazier filed a general demurer to the petition. Upon hearing this demurrer was sustained, with leave to plaintiff to amend. Plaintiff elected to stand on his petition, and, declining to amend, his suit was dismissed. From this judgment he prayed and prosecuted an appeal to this court, where, in due course of time, the judgment of the lower court was affirmed. Thereupon Ray and Frazier, the defendants in the replevin suit, brought suit upon the bond which had been executed in the replevin suit, wherein they sought to recover of J. B. Gibson and his sureties the damages which they alleged that they had sustained by reason of the unlawful and wrongful seizure and conversion of their tobacco, together with the costs incurred by them in their defense of the replevin suit. The defendant J. B. Gibson filed his separate answer, and, as the judgment herein rendered as to him is not before us on this appeal, it is unnecessary to consider the defense set up by him. The sureties, T. T. Vallandingham, etc., filed a general demurrer to the petition, which was overruled. They thereupon answered, alleging that the covenants of the bond, which they signed as surety for J. B. Gibson, had been fully complied with and satisfied, in that J. B. Gibson had duly prosecuted the replevin suit to a final judgment, not only in the

Owen circuit court, but in the Court of Appeals; that in the replevin suit no return of the property had been adjudged, nor had any sum of money been directed to be paid by J. B. Gibson to the defendants Ray and Frazier, or either of them; and that inasmuch as there had been no breach of any of the covenants of the bond, and they had fully performed and satisfied the judgment in the replevin suit by the payment of all of the costs therein, they were absolved from all liability on account of their suretyship on said bond. The material allegations of this answer of the sureties were traversed, and the case proceeded to a trial before a jury, with the result that a judgment was rendered in favor of appellees against J. B. Gibson and the sureties on his replevin bond. This judgment being for the amount which J. B. Gibson alleged he had agreed to pay for the tobacco, and a small sum, $35, as attorneys' fees, he is satisfied therewith, and is not complaining. The sureties, feeling that their liability should be strictly limited to the terms and conditions of the bond which they signed, filed a motion and grounds for a new trial, which was overruled, and they appeal.

The bond executed in the replevin suit is as follows: "J. B. Gibson, Plaintiff, v. W. A. Ray, etc., Defendants. Bond. We undertake to the defendants W. A. Ray, etc., that the plaintiff J. B. Gibson shall duly prosecute this action, and shall perform the judgment of the court therein, returning the tobacco ordered to be delivered to the plaintiff J. B. Gibson, if a return thereof be adjudged, and by paying to the defendants W. A. Ray, etc., such sums of money as are adjudged in this action against plaintiff, not exceeding $1,900, and the costs of this action. This 20th day of April,

1904.   J. B. Gibson.   S. G. Gibson, E. S. Gibson, T. T. Vallandingham, S. F. Gibson.''

From the record before us it appears that the defendants in the replevin suit did not seek a return of the tobacco taken thereunder, nor did they seek to recover of plaintiff therein any sum of money for the seizure or detention of this tobacco, but they choose rather to defeat plaintiff's right of recovery by non-suit, and in this they were successful, for their demurrer to plaintiff's petition was sustained, and his petition was dismissed, with judgment for their costs.

The petition alleges that J. B. Gibson did not duly prosecute the replevin suit, but the record refutes this allegation, and, on the contrary, shows that he not only prosecuted it duly, but did so with diligence, both in the circuit court and in this court. He did everything that was in his power to succeed in that suit, and only surrendered his right to maintain it when a judgment had been entered in this court denying him that right. No return of the property was adjudged to the defendants in the replevin suit, nor any sum of money ordered to be paid to them, other than the costs of the suit. These costs, the sureties allege, have been paid, and this is not denied.

The only question left for determination is, may the defendants in the replevin suit, having failed to procure an order for the return of the property in that suit, or a judgment for any sum of money as damages in that suit, now in an independent action proceed against the sureties on the bond?

In the case of the Ky. Land & Immigration Co. v. Crabtree, 118 Ky. 395, 80 S. W. 1161, 26 Ky. Law Rep. 283, a somewhat similar question was presented. In that case the appellant had filed its suit in replevin, executed a bond, and caused an order of delivery to be

issued for certain personal property. Under this order of delivery the property described therein was taken and delivered to appellant. Thereafter, at the next succeeding term of the circuit court, wherein the action was pending, appellant dismissed its suit without prejudice. The defendant thereupon brought suit against the plaintiff in the replevin suit and the surety on his bond to recover the value of the property taken and damages for withholding it. This court, in passing upon the question, held that the bondsman was liable, inasmuch as the record showed that appellant had not duly prosecuted the replevin suit. Of course, when appellant dismissed its suit, appellee had no opportunity to litigate the question of ownership or damage with it in that suit, and was compelled to seek a recovery in an independent action, and this court permitted a recovery in that case upon the sole ground that there had been a breach of one of the covenants of the bond, to-wit, that appellant had not duly prosecuted the replevin suit. In that case it was inferentially held that but for the breach in the covenant of the bond no recovery could have been had.

In the more recent case of Mounts v. Murphy, 126 Ky. 803, decided by this court Oct. 24, 1907, and found in 104 S. W. 978, 31 Ky. L. R. 1193, almost identically the question here involved was before this court. In that case a resident of Virginia instituted a suit in replevin in the Pike circuit court, executed the bond required by section 184 of the Code, procured an order of delivery for certain cattle and articles of personal property, and, under said order, was placed in possession of the property described therein. At the following term of court the defendant in the replevin suit moved that the plaintiff, being a non-resident be required to execute a bond for costs. This motion was

sustained, and the plaintiff failing or refusing to give the bond for costs, his suit was dismissed, and it was adjudged in the order dismissing his suit that: "The defendant is entitled to an order of restitution of said property, if to be had, and if not to be had, an execution to issue for the sum of $409, the value fixed by plaintiff of said property, and the clerk of this court will forthwith issue said order of restitution, and upon the return of same, if the said property has not been restored, then the said clerk will issue an execution against the plaintiff * * * for the sum of $409, the value of the cattle taken under said writ, and the costs of this action." Thereafter the defendant in the replevin suit instituted suit against the surety on the non-resident's bond, seeking to recover of him $25, costs expended in the replevin suit; $18, the value of certain articles described in the order of delivery, which had not been returned under the order of the court directing a restitution, $400 damages for the detention of the cattle and other property, and $300 damages for the difference between the value of the cattle when taken and the value of same when returned. The bondsman answered, alleging that all of the costs of the replevin suit had been paid, denied that any of the property directed to be returned had not been returned, denied damages either for the detention of the property described in the order of delivery, or damages to said property while in the possession of the plaintiff in the replevin suit, and pleaded affirmatively that if there had been any damages due the defendant in the replevin suit they should have been assessed in the final judgment in that suit. Upon a trial the jury found in favor of the bondsman as to the property which it was claimed had not been returned, and found against

him in the sum of $300 damages for the detention of the cattle, and $90. damages for injury to them while so detained. Upon review here this court held that the trial court erred in submitting to the jury the question of damages for the detention of the property, holding that this matter should have been presented and determined in the replevin suit, and that as appellee failed to present it and have the matter determined in that action he is barred from recovering it from the surety on the bond. The surety on the bond was held liable for the damages which had resulted to the property itself while in the possession of the plaintiff in the replevin suit. This recovery was permitted upon the idea that it was the duty of the bondsman to see to it that the property, when restitution was directed, was restored to the defendant in as good condition as it was when it was taken from him. The jury found that the property had been damaged and depreciated in value while in the possession of plaintiff in the replevin suit. There had therefore been, to this extent, a failure on the part of the bondsman to comply with that provision of the bond which called for a restitution of the property, if directed by the judgment in the replevin suit, because there had not been a restitution of the property in the condition in which it was when taken, but in a damaged condition, and the property not having been in the custody of the court when the judgment was entered in the replevin suit, this matter could not have been determined in that litigation. Not so, however, with the case at bar. As above stated, no restitution was directed in the replevin suit in this case, and no damages sought or awarded, and appellees' entire right of recovery against the sureties being dependent upon a breach of the replevin bond, they must fail in the absence of

a showing that there has been a breach of some one of the three provisions of the bond.

One of the provisions of the bond is that the plaintiff in the replevin suit will duly prosecute that action. As above stated, the record in this case shows that he did so. The other covenants in the bond are to the effect that the plaintiff shall return the property if a restitution is adjudged, and that they will be answerable to the defendants in the replevin suit for such sums as may be adjudged them therein. In order to determine the liability of the bondsmen upon these two covenants of the bond, we must look alone to the judgment in the replevin suit, for the covenants expressly provide that their liability in these particulars is to be measured by that judgment. When so tested we find that there has been no breach of the bond whatever for which these bondsmen can be held liable.

For the reasons indicated the judgment is reversed and remanded, with instructions to the lower court to set aside the judgment so far as the sureties Vallandingham, etc., are concerned, and enter a judgment dismissing the proceedings as to them, with judgment for their costs.