## Howard v. Wyatt, et al.

(Decided November 21, 1911.)

Appeal from Breathitt Circuit Court.

Claim and Delivery—Action for Damages—Dismissal Without Prej-

udice.—No recovery can be had for damages on a bond executed
in an action for claim and delivery, where the action is dis-
missed without prejudice for want of prosecution on motion of
the defendant, and no return of the property is adjudged in that
action and no judgment rendered for damages for its detention.

J. J. C. BACH for appellant.

McGUIRE & McGUIRE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Henry C. Cornett brought an action in the Breathitt
Circuit court against L. D. Howard to recover certain
personal property. He took out an order of delivery
which was executed by the sheriff and Cornett executed
a bond with Charles E. Wyatt, etc., as sureties, pursuant
to section 184 of the Code, to the effect that Cornett
would duly prosecute the action and that he would per-
from the judgment of the court therein, by returning the
property if a return thereof was adjudged, and by pay-
ing such sums of money as should be adjudged against
him in the action. Cornett did not prosecute the action
with diligence, and on the motion of Howard it was dis-
missed for want of prosecution with cost. Thereupon
this suit was brought by Howard against Wyatt, etc.,
on the bond executed in that action. The circuit court
sustained a demurrer to the petition on the ground that
no judgment had been rendered in the former action for
a return of the property or for the recovery of any
money except the cost and there was no averment that
the costs were unpaid. The plaintiff stood by his pe-
tition, and the action having been dismissed, he appeals.
Section 388 of the Code provides:

"In an action for the possession of specific personal
property the plaintiff may have judgment for its deliv-
ery, if it can be had; and, if not, for its value and for
damages for its detention. If the property has been de-
livered to the plaintiff, and the defendant claim a return
thereof, judgment for the defendant may be for the re-
turn of the property, or its value if a return can not be
had, and damages for the taking and withholding of the
property."

In Ky. Land Co. v. Crabtree, 118 Ky., 395, it was
held that where in an action like this, the plaintiff, after
getting possession of the property under an order of de-

livery, dismissed his action voluntarily, the defendant might maintain an action upon the bond, although there had been no judgment for a return of the property or for damages, in the former action when it was dismissed. In the subsequent case of Mounts v. Murphy, 126 Ky., 803, the facts were these: After the plaintiff had gotten possession of the property under the order of delivery, the action on motion of the defendant was dismissed on the failure of the plaintiff to execute a bond for cost, and a judgment was entered for a return of the property; but no judgment was rendered for damages for the detention. It was held that as the defendant neglected to have this judgment entered, he was barred any action against the surety in the bond to recover the damages for the detention. The court said:

"We are referred to the case of Kentucky Land and Immigration Co. v. Crabtree, 118 Ky., 395, 26 Ky. Law Rep., 283, 80 S. W., 1161, authorizing an action on a bond against the surety to recover from him damages when not fixed in the judgment disposing of the action for the claim and delivery of the property. The question in that case was not like the case at bar. In that case the plaintiff in the action obtained possession of some logs by giving the bond and afterwards disposed of them, entered a motion, and dismissed the action without prejudice and the court decided that it had violated its bond, in that it failed to duly prosecute the action. The court said in that case that: 'The plaintiff should not be permitted, by the execution of a bond, to obtain the possession of the property and upon its own motion dismiss the action without prejudice, and thus relieve itself and surety from all responsibility on the bond.'

"This case is different. Here the defendant, now appellee, upon his own motion caused a dismissal of that action and caused judgment to be rendered in his behalf for the property if to be had, if not, for its value, but failed to present and recover the damages he had sustained by the taking and withholding of the property from him. See also the case of Rogers v. Bradford, 8 Bush, 163."

We cannot see that this case can be distinguished from that. Howard had the case dismissed. He neglected to have a judgment entered either for the return of the property or for damages for its detention. The court in the two cases referred to drew a distinction be-

tween the plaintiff's dismissing his action on his own motion and the dismissal of the action on the motion of the defendant. The reason for the distinction is that the plaintiff might dismiss his action when the defendant was not present or did not know it. But when the defendant himself makes the motion to dismiss it, it is incumbent upon him, if he wishes to preserve his right of action on the bond, to have the proper judgment entered, and he can not complain of an order which he himself procured.

Judgment affirmed.