[No. 9750. Department One. April 8, 1912.]

CARRIE IHRIG, *Appellant*, v. C. B. BUSSELL *et al.*,
*Respondents.*[1]

REPLEVIN—BOND—CONDITIONS—CONSTRUCTION — LIABILITY ON DIS-
MISSAL OF ACTION. Under a replevin bond conditioned, pursuant to
statute, for the prosecution of the action, the return of the property
to the defendant if return thereof be adjudged, and for the payment
of such sum as may be recovered against the plaintiff, there can be no
liability on the bond in excess of the costs adjudged, where the re-
plevin suit was prosecuted to judgment on the merits, and the ac-
tion was dismissed with costs, without adjudging a return of the
property or entering judgment for its value.

REPLEVIN—JUDGMENT OF DISMISSAL—CONCLUSIVENESS — LIABILITY
FOR CONVERSION. Where defendant in replevin was entitled, upon
dismissal of the action on the merits, to a judgment decreeing a
return of the property, or for its value, but acquiesced in a judg-
ment of dismissal without appealing therefrom, she cannot, in an
action on the replevin bond, recover judgment as for a conversion
of the property.

Appeal from a judgment of the superior court for King
county, Main, J., entered February 10, 1911, upon the ver-
dict of a jury rendered in favor of the defendants, in an action
upon a replevin bond, after a trial to the court.   Affirmed.

*Vince H. Faben,* for appellant.

*George E. de Steiguer,* for respondent Bussell.

*William W. Wilshire,* for respondent Fidelity and Deposit
Company.

FULLERTON, J.—On December 4, 1905, one Thomas Car-
stens, then owning certain personal property, consisting of
bedroom suits and furnishings, made a conditional sale of the
same to the appellant, Carrie Ihrig, for the sum of $5,600.
Of the purchase price, $1,600 was paid at the time the con-
tract was entered into, and the balance, $4,000, was agreed
to be paid in installments of $150 each, on the first day of

[1]Reported in 122 Pac. 608.

each month, commencing with the month of January, 1906. The contract of sale was put in writing and duly recorded. The contract was subsequently assigned by Carstens to one J. O. Bruggemann, and by Bruggemann to the respondent C. B. Bussell. The payments on the contract were not kept up according to its terms, and thereafter on January 5, 1907, Bussell brought an action in replevin against Mrs. Ihrig to recover the property. He filed a claim and delivery bond, with his co-respondent as surety, and possession of the property was taken from Mrs. Ihrig at the commencement of the action. The bond conformed substantially to the requirements of the statute, which provides that such bond shall be conditioned "for the prosecution of the action, for the return of the property if return thereof be adjudged, and for the payment to him of such sum as may for any cause be recovered against the plaintiff."

Mrs. Ihrig defended the replevin action, setting up by way of answer, among other things, that there had been a modification of the contract while it was still owned by Carstens, by the terms of which the amount to be paid monthly on the contract was reduced from $150 to $75 per month. The action was tried by the court without a jury; and on the issue of a modification of the contract, the court found in favor of Mrs. Ihrig, finding further that there had been no default on her part, and directed that a judgment be prepared in her favor. A judgment was thereupon prepared by counsel for Mrs. Ihrig, finding that the property was of the value of $5,000, and directing that the property be returned to Mrs. Ihrig, or if return thereof could not be had, that she have judgment against the plaintiff for $5,000, the value thereof. On this judgment being presented to the court, he took the matter under advisement, and after consideration, struck therefrom all that pertained to the value of the property, its return to Mrs. Ihrig, and judgment in her favor for the value of the property in case return thereof could not be had, and caused a judgment to be entered to the effect

that the action be dismissed, and the defendant recover her costs. The costs were thereafter ascertained and paid into court by the plaintiff.

In January, 1910, the present action was begun by Mrs. Ihrig, against Bussell and his surety on the replevin bond, to recover the value of the property taken thereunder. In answer to the complaint, the respondents, among other defenses, set up the judgment in the replevin action and pleaded their compliance therewith by the payment of the money judgment rendered against them. On the trial, the judgment was introduced in evidence, together with evidence of the payment of the money judgment, and the court was requested to rule that there was no liability on the bond for the value of the property because return thereof had not been adjudged in the replevin action, and because they had complied with the conditions of the judgment as actually rendered and entered. The request was overruled for the time being, and the verdict of the jury taken as to the value of the property. On the return of the verdict, each of the respondents moved for judgment in their favor notwithstanding the verdict, which motions the court granted, entering a judgment to the effect that the plaintiff take nothing by her action. This appeal followed.

Conforming the replevin bond to the statutory requirements, it will be observed that the condition of the bond is limited to three things; namely, for the prosecution of the action, for the return of the property to the defendant if return thereof be adjudged, and for the payment to him of such sum as may for any cause be recovered against the plaintiff. The appellant bases her cause of action upon the first of these conditions. She contends that the requirement that the plaintiff shall prosecute the action means that he shall prosecute it to effect; that he must make good his right of possession to the property seized; and that he renders his surety liable on the bond for the full penalty thereof if he fails so to do. But it would seem that this could hardly

be the meaning of the condition in question. If it were so, there would be but little necessity for the other conditions, as the whole of the liability upon the bond would be expressed by the first. It may be, as some of the cases seem to hold, that had the plaintiff suffered a dismissal of his suit either for want of prosecution or because in the judgment of the court no cause of action was stated in his complaint, that he would have rendered his surety liable on the bond for the value of the property; but this result does not follow when he prosecutes his action to a judgment upon the merits, whether that judgment be for or against him. In either case, he has prosecuted his action, and from thence on the further liability of the surety is determined by the conditions of the judgment. If the judgment require a return of the property, or the payment of the money in case return cannot be had, or require the payment of money for any cause, the surety is liable for any breach of the requirements, but no liability arises for the value of the property seized from the mere fact that the defendant is awarded costs in the action after a trial upon the merits.

The authorities seem to be in accord upon the propositions stated. In *Thomas v. Irwin*, 90 Ind. 557, the facts were similar to the facts in the case at bar. The plaintiff in a replevin action gave a bond as required by a statute almost the exact counterpart of our own and secured possession of the property involved. A verdict was returned in favor of the defendant on which a judgment for costs was rendered. In a subsequent action upon the bond, the court held the sureties not liable for the value of the property, since its return was not adjudged in the replevin action. In the course of its opinion, the court said:

"The difficulty arises out of the fact that the judgment in the replevin action did not provide for a return of the property. Judgments and not verdicts rule causes. The verdict in the replevin action exerts no controlling influence in this collateral proceeding, for in it the rights of the parties are to be measured by the judgment, and we cannot over-

leap it and act upon the verdict. Nor can we here inquire whether the judgment was right or wrong. . . . It is a general rule that sureties are not to be held beyond the terms of their contract, and a statutory undertaking must be construed so as to give effect to the terms employed. The liability of the surety on the bond in suit is, by the terms employed, limited to three things: The due prosecution of the action, the return of the property if a return be adjudged, and the payment of such sums of money as may be recovered against the plaintiff. These are independent things. If a complaint should charge a failure to prosecute, and a recovery of damages, it would certainly not be a sufficient answer to aver that the property had been returned; and, on the other hand, if a return had been adjudged in such a case, it would not be sufficient to answer payment of costs and damages. The question is, however, so well settled by authority, that we deem it unnecessary to enter upon a discussion of this point, and content ourselves with quoting from a recent treatise the following statement of the rule: 'These conditions have always been treated as independent, and if either was not complied with the bond was forfeited.' (2 Sutherland, Dam. 42.) . . . A surety cannot be held for a thing he did not undertake to perform, and in this case the surety did not undertake to be responsible for the return of the property unless a return should be adjudged by the court. This is, as we have shown, an independent condition, and no liability can be fastened on the surety unless it is made to appear that the act alleged to constitute the breach is within the terms of the condition. We are unable to perceive how a failure to return the property can constitute a breach in a case where there has been no judgment for a return. The undertaking is not a general one for the return of the property, but is an undertaking for the return in case it shall be so adjudged, and the contract of the surety is, therefore, restricted and limited by the terms of the instrument. The liability of the surety depends upon the judgment, for unless a judgment is entered awarding a return, the case is not within the contract; to bring the case within the terms of the contract, it must be made to appear that the court had awarded a return. To hold the surety liable for a failure to return where no return had been adjudged, would be to hold him in a case not within the spirit or letter of his undertaking."

A similar state of facts was presented in the case of *Vallandingham v. Ray*, 128 Ky. 506, 108 S. W. 896. Holding that no recovery could be had in an action upon the replevin bond, the court said:

"One of the provisions of the bond is that the plaintiff in the replevin suit will duly prosecute that action. As above stated, the record in this case shows that he did so. The other covenants in the bond are to the effect that the plaintiff shall return the property if a restitution is adjudged, and that they will be answerable to the defendants in the replevin suit for such sums as may be adjudged them therein. In order to determine the liability of the bondsmen upon these two covenants of the bond, we must look alone to the judgment in the replevin suit, for the covenants expressly provide that their liability in these particulars is to be measured by that judgment. When so tested, we find that there has been no breach of the bond whatever for which these bondsmen can be held liable."

To the same effect are the following cases: *Vinyard v. Barnes*, 124 Ill. 346, 16 N. E. 254; *Chambers v. Waters*, 7 Cal. 390; *Clark v. Norton*, 6 Minn. 412; *Mitchum v. Stanton*, 49 Cal. 302; *Colorado Springs Co. v. Hopkins*, 5 Colo. 206.

The case of *Meigs v. Keach*, 1 Wash. Ter. 306, is cited by the appellant as maintaining the position that an action will lie upon the bond in suit. In that case it appears that Keach brought suit against Meigs to recover the possession of certain personal property, and therein obtained possession by giving a replevin bond with sureties, that Meigs gave bond according to the statute and obtained a return of the property; and that Keach thereupon dismissed his action and paid the costs. After this had been done, Meigs began an action upon the bond alleging the facts we have set forth, "and in addition thereto, a breach of the former bond by failure to prosecute, and damages." A demurrer was sustained to the complaint in the court below, which was reversed on appeal, the court saying:

"It is settled law that where, in an action for the recovery

of personal property, a statutory bond is given by the plaintiff, to prosecute, and the plaintiff discontinues, even with consent of defendant, and *a fortiori* if without defendant's consent, the defendant can sue upon the bond and recover for breach."

The case seems to be contrary to the earlier case of *Boyer v. Fowler*, 1 Wash. Ter. 101; but conceding it applicable to our present statutes, it is distinguishable from the case at bar for the reason that there was a breach of the conditions of the bond in that the plaintiff failed to prosecute his action, while in the present case the plaintiff did prosecute his action to a judgment on the merits, and complied with the judgment rendered against him. We conclude, therefore, that the court did not err in refusing to allow a recovery on the bond.

The appellant further contends that she should have been allowed to recover against Bussell as for a conversion of the property. But it seems to us that her rights to the property were, or should have been, tried out in the replevin action. The question of the right to the property was then the sole question at issue. When the property was found by the court to have been wrongfully taken from her, she had the right to take a judgment for the return of the property to her, or for its value in case a return thereof could not be had, and she was bound at her peril to see that the proper judgment was entered. It is true that she attempted to have a judgment entered which seemingly conformed to her rights, which the court refused her. If this refusal was wrongful, her remedy was not to acquiesce therein and bring a new action; she should have moved against the judgment itself, and if necessary appealed therefrom. But the judgment, standing unmodified and unreversed, measures her rights to the property between herself and the adverse party to the action.

The judgment is affirmed.

DUNBAR, C. J., GOSE, MOUNT, and PARKER, JJ., concur.