Argued January 5, reversed January 12, 1915.

## PEACOCK *v.* KIRKLAND.

(145 Pac. 281.)

**Principal and Surety—Obligation of Surety—Construction.**

1. The obligation of a surety cannot be enlarged beyond the terms of his undertaking.

**Replevin—Undertaking of Plaintiff—Liability—Statutory Provisions.**

2. Section 286, L. O. L., requiring plaintiff in claim and delivery to give an undertaking conditioned "for the prosecution of the action," and for return of the property, etc., merely requires plaintiff to prosecute the action in good faith without unnecessary delay, and failure to prosecute the action to effect is not a breach of the undertaking.

**Principal and Surety—Former Adjudication—Questions Concluded.**

3. A judgment on the merits dismissing an action in claim and delivery and for defendant for costs and disbursements conclusively determines the rights of the parties on the merits, in view of Sections 153, 198, L. O. L., permitting the parties to settle the status of the property, and bars an action on plaintiff's undertaking except for costs and disbursements.

**Judgment—Conclusiveness—Parties Concluded—Assignees.**

4. Under Section 756, L. O. L., making a judgment conclusive between the parties and their representatives and successors in interest by title subsequent to the commencement of the suit, a judgment is as conclusive on an assignee thereof as on the assignor.

> [As to conclusiveness of judgment upon persons not parties to the action, see note in 2 Am. St. Rep. 876.]

**Replevin—Judgment—Return of Property—Alternative Judgment for Value.**

5. Under Sections 153, 198, L. O. L., authorizing assessment of the value of the property in controversy in an action for the recovery thereof, and declaring that, where the property has been delivered to plaintiff and defendant claims a return, a judgment for defendant may be for a return or the value thereof, in case a return cannot be had, judgment for return is an essential condition precedent for an alternative judgment for value.

> [As to necessity that verdict in replevin give separate valuation of several articles involved, see note in Ann. Cas. 1912D, 849.]

From Linn: WILLIAM GALLOWAY, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action by Ella Peacock against John E. Kirkland, J. D. Isom and A. M. Holt.

The plaintiff issued execution on a judgment in her favor against one Albert Peacock, and placed it in the hands of the sheriff of Linn County, who by virtue thereof levied upon and took into his possession certain chattels as the property of the defendant in the writ. At this juncture the defendant Kirkland commenced replevin against the sheriff to recover the property and gave an undertaking with the other defendants here as sureties in double the value of the property "for the prosecution of said action and for the return of said property to the said defendant, if return thereof be adjudged, and for the payment to the said defendant of such sum as may from any cause be recovered against the said plaintiff." In pursuance of this undertaking and the statutory affidavit, the coroner of the county took the chattels from the possession of the sheriff and delivered them to the defendant Kirkland. Afterward, in the trial of the replevin action, the jury returned a verdict as follows:

"We, the jury impaneled in the above-entitled case, find for the defendant."

Upon this verdict the court rendered a judgment in these words:

"It is therefore ordered by the court that plaintiff's complaint herein be and the same is hereby dismissed, and that the defendant recover his costs and disbursements herein taxed at $29.20."

It is without dispute in the testimony that the defendant Kirkland before the commencement of this action paid the costs and disbursements thus taxed in the judgment, although issue is joined in the pleadings on that subject. The breach of the undertaking is thus assigned in the complaint:

"That the action wherein John E. Kirkland was plaintiff and D. S. Smith was defendant, as hereinabove alleged, has long since terminated, and that the defendants have violated said undertaking in this: That they have not prosecuted said action according to the provisions of said bond and have failed and refused to return said property or any part or portion thereof, as conditioned in said undertaking above set out, and have failed to make payment for the value of said property of $640 or any portion thereof, but that said defendants retain possession of said property, and that by reason thereof there is now due and owing and unpaid upon said undertaking the sum of $640, with interest thereon at 6 per cent per annum from the 7th day of November, 1910, and for the sum of $29.20 costs, with interest thereon from the 4th day of October, 1911, no part of which has been paid."

Alleging an assignment to herself of the undertaking and judgment, the plaintiff brings this action and demands judgment for $640, as the value of the property, and the further sum of $29.20, as costs, together with the taxable expenses of the present action. All the allegations of the complaint, except the breach assigned and the transfer of the judgment and undertaking to the plaintiff, are admitted by the answer. That pleading alleges the trial of the replevin action, the verdict of the jury and judgment above mentioned, and the payment to the clerk of the money awarded by that judgment. The defendants averred that they duly prosecuted the action to final determination and that otherwise they have duly performed all the conditions of said undertaking to be by them performed. The plaintiff traverses all the new matter in the answer. All the facts thus stated appear either by the record or by unchallenged testimony. At the close of plaintiff's case the defendants moved for a judgment of nonsuit in their favor, which was denied, and at the

close of all the testimony asked for a directed verdict in their favor, which was also refused. Under instructions to which defendants excepted, and which are hereinafter set out, the jury returned a verdict for the plaintiff for $640. From the ensuing judgment the defendants appeal.                                                    REVERSED.

For appellants there was a brief over the names of *Mr. Gale S. Hill* and *Mr. George W. Wright,* with an oral argument by *Mr. Hill.*

For respondent there was a brief over the name of *Messrs. Weatherford & Weatherford,* with an oral argument by *Mr. James K. Weatherford.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is well settled in this state that the obligation of a surety cannot be enlarged beyond the terms of his undertaking. The authorities are collated in the case of *Woodle* v. *Settlemyer,* 71 Or. 25 (141 Pac. 205), by Mr. Justice RAMSEY in the latest utterance of this court upon that subject.

2. The obligors in the instrument in question pledged themselves for the performance of three things: (1) For the prosecution of the action; (2) for the return of the property to the defendant in replevin if return should be adjudged; and (3) for the payment to the defendant of such sum as from any cause might be recovered from the plaintiff there. The payment of the money unquestionably has been performed. The action was prosecuted to a final determination. Many cases are cited by the plaintiff holding that the prosecution of an action in replevin must be to a successful conclusion on the part of the one claiming the goods.

Without exception, however, the precedents upon which she relies are those arising under a statute where the undertaking must be given to prosecute with effect. Under such a law it is manifest that if the plaintiff fails in his action for claim and delivery he has effected nothing.   In other words, he has not prosecuted with effect.   Our statute imposes no such condition.   It merely requires, besides security for the payment of the money, judgment that the undertaking shall be "for the prosecution of the action, for the return of the property to the defendant, if return thereof be adjudged": Section 286, L. O. L.   Our code goes no further than to require the replevin action to be carried on in good faith on the merits without unnecessary delay.

3. It is stated in Section 153, L. O. L.:

"In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."

Further, in Section 198, L. O. L., it is declared that in such actions—

"if the property have been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had, and damages for taking and withholding the same."

In passing, we note that the pleadings in this action do not disclose whether the defendant in the

replevin action claimed a return of the property or. not. Neither is it directly alleged in the complaint here that the execution debtor was in fact the owner of the property in question. It is quite possible, under these circumstances, that a judgment merely for the defendant without reference to the return of the property would be a correct determination of the replevin action. It is not necessarily the case in all such litigation that the property taken on the writ must be returned to the defendant. It is easy to conceive of a case where a plaintiff might charge a defendant with the detention of property and even take possession of it under a writ, when, in fact, the defendant had never had custody of nor any claim upon the goods. In such a case the only judgment that could be rendered would be one simply for the defendant with costs and disbursements. There is nothing in the complaint in this action to distinguish the present dispute from one similar to the illustration given.

The plaintiff argues that, the judgment dismissing the action having been entered, that constituted a breach of the undertaking; but all the authorities cited for her on this subject are where the replevin action was either dismissed on the motion of the plaintiff or by the court for want of prosecution. In none of them was there a trial on the merits of the action, nor did the case go to the verdict of a jury in any instance.

In the replevin action here involved there was an opportunity offered by Sections 153 and 198, L. O. L., to settle the status of the property and the amount of damages to be assessed against the plaintiff there if such was the right adjudication of the issue. The judgment there is conclusive of the rights of the parties on the merits of the action, and while that decision stands we cannot go behind it and determine questions

that should have been litigated in that action. The principle is enunciated by Mr. Justice RAMSEY in *Yuen Suey* v. *Fleshman,* 65 Or. 606, 615 (133 Pac. 803, 806, Ann. Cas. 1915A, 1072), in this language: "A judgment or a decree upon the merits is a bar to a subsequent action or suit between the same parties, upon the same claim as to every matter that was, or might have been, litigated"—citing *Ruckman* v. *Union Ry. Co.,* 45 Or. 578 (78 Pac. 748, 69 L. R. A. 480); *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732); *Belle* v. *Brown,* 37 Or. 588 (61 Pac. 1024); *Morrill* v. *Morrill,* 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155).

4, 5. By force of Section 756, L. O. L., the conclusiveness of a judgment operates not only upon the immediate parties, but also with equal sanction upon "their representatives and successors in interest by title subsequent to the commencement of the action." The plaintiff here claiming as assignee of the judgment in replevin in favor of the then defendant sheriff stands in no better plight than he, and cannot now enlarge that judgment beyond its terms. The demand for the value of the property cannot be visited upon these obligors because there was no judgment for a return of the property. Judgment of return is an essential statutory condition precedent for the alternative judgment for the value of the goods.

The defendants requested the court substantially to withdraw from the jury any question as to whether or not the bond was complied with in the prosecution of said action and the return of the property, and to charge them that the defendants have fulfilled the bond in these two conditions; but the court refused the request. On the contrary, the judge instructed the jury as follows:

"The term 'prosecution of the action' does not mean merely a bringing the case on for trial; nor does it mean the trial of the cause. It means, gentlemen of the jury, a prosecution with effect, a successful prosecution, a trial of a cause wherein the person bringing the action prevails. And if you find from the evidence that defendant herein, John E. Kirkland, did not carry his action against D. S. Smith to a successful determination, and that the amount of $640 has not been paid, then you would be justified in finding that the condition of this bond in this particular has been broken, and you should bring in a verdict for plaintiff in the sum of $640.

"The payment of the judgment of costs herein is not a bar to this action to recover the amount mentioned in the bond. The bond was given for three purposes at least: To successfully prosecute the action brought by Kirkland against Smith, which is in evidence here before you; to redeliver the property in the event the case was decided against Kirkland; and to pay the costs that were adjudged against Kirkland. The payment of the costs was a compliance with that term of the bond, but was not a compliance or a fulfillment of the other two terms of the undertaking."

There has never been an adjudication for the return of the property. The defendants here did not delay the prosecution of the action, but carried it to final judgment. No situation is disclosed by the case which amounts to a violation of their undertaking. The following precedents illustrate the soundness of this conclusion: *Howard* v. *Wyatt,* 145 Ky. 424 (140 S. W. 655); *Daniels* v. *Mansbridge,* 4 Ind. Ter. 104 (69 S. W. 815); *Badlam* v. *Tucker,* 18 Mass. (1 Pick.) 284; *Ihrig* v. *Bussell,* 68 Wash. 70 (122 Pac. 609); *Citizens' State Bank* v. *Morse,* 60 Kan. 526 (57 Pac. 116); *Vallandingham* v. *Ray,* 128 Ky. 506 (108 S. W. 896); *Lewis* v. *McNary,* 38 Or. 116 (62 Pac. 897).

The court was in error in refusing the defendants' motion for a nonsuit and for a directed verdict, as well as in giving the instructions mentioned and refusing the request of the defendants. For these reasons the judgment is reversed, and the cause remanded to the Circuit Court, with directions to enter a judgment dismissing the action.      ·      REVERSED.

---

Motion to dismiss denied June 16, 1914.

On the merits submitted on brief January 11, affirmed January 19, 1915.