CASE 36—PETITION ORDINARY—JANUARY 9.

# Young vs. Parsons, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

In an action to recover the possession of specific personal property, the plaintiff, upon filing the affidavit required by section 208 of Civil Code, and executing bond, obtained possession thereof. His right to the property was controverted by the defendants, and upon the trial the jury returned this verdict: " We of the jury find for the defendants." Thereupon the court rendered judgment for a return of the property, or for ninety dollars, being the value of the property as proved upon the trial. *Held*— That the jury should have assessed the value of the property, and their omission to do so makes the verdict fatally defective, and the judgment rendered thereon is erroneous. ( *Civil Code, sec.* 360.)

HAWKINS for appellant.

ROOT & WEBSTER for appellees.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This was an action brought by the appellant for the recovery of personal property, in which he claimed the immediate delivery thereof, and obtained an order to that effect by filing such an affidavit with the clerk of the court as is required by the 208th section of the Code of Practice; and having executed the appropriate bond, the possession of the property was delivered to him by the sheriff.

His right to the property was controverted by the defendants; and upon a trial of that issue between the parties, the jury found a verdict in the following words, viz: " We of the jury find for the defendants." Thereupon the court rendered a judgment " that the plaintiff restore to the defendants the property in the pleadings mentioned; and in case the plaintiff does not, and cannot return said property to the defendants, it is adjudged that the defendants recover of the plaintiff the sum of ninety dollars." From that judgment the plaintiff has appealed, and contends that the judgment was not authorized by the verdict.

It was proved upon the trial that the property sued for, and which was delivered to the plaintiff, was of the value of ninety

dollars. The plaintiff had, in the affidavit which he filed with the clerk of the court to procure the order of delivery, stated that it was of the value of two hundred dollars; and the appellees, by way of cross appeal, insist that the judgment, instead of being for the value of the property as proved upon the trial, should have been for the amount of the value which was placed upon it by the plaintiff himself in his affidavit and petition.

The 360th section of the Civil Code provides that "in actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever by their verdict there will be a judgment for the recovery or *return* of the property."

Now, as in this case, a judgment for the return of the property necessarily followed a verdict for the defendants, the jury should have assessed the value of the property; and the court had no right to assess its value, either by reference to the proof upon the trial or the plaintiff's affidavit. The omission by the jury to assess the value of the property makes their verdict fatally defective, and the judgment rendered thereon is therefore erroneous.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.