Rogers v. Bradford.

———◆———

CASE 32—PETITION—SEPTEMBER 22.

# Rogers v. Bradford.

APPEAL FROM KENTON CIRCUIT COURT.

1. PLAINTIFF CAN NOT DISMISS HIS ACTION FOR PERSONAL PROPERTY after executing bond as required by section 211 of the Civil Code, and obtaining possession of the property.

   The defendant was entitled, in the action in which he had been dispossessed of a horse to which he asserted claim, to have a judgment for the return of the horse, and for such damages as he had sustained by or through the process of the court in the action.

2. THE JUDGMENT SHOULD BE IN THE ALTERNATIVE.—In an action to recover the possession of a horse the jury returned a verdict in favor of the defendant, and fixed the value of the horse at two hundred and fifty dollars. The judgment ought to have been in the alternative for the return of the horse, or its value in case a return can not be had, and damages for the taking and withholding of the horse.

3. THE FAILURE OF THE COURT TO RENDER A JUDGMENT IN CONFORMITY WITH THE LAW is not a clerical misprision. In this case the judgment was for two hundred and fifty dollars, the value of the horse, when it ought to have been in the alternative—for the return of the horse if to be had; if not, for two hundred and fifty dollars, its value, etc. This error is one of law and not clerical.

JOHN G. CARLISLE, . . . .    . . . . For Appellant,

CITED

Civil Code, section 418.
New York Code, section 217.
1 Duvall, 299, Barron v. Landes.
5 Selden, 470, Dwight v. Enos.

MENZIES & FURBER, . . . . . . . . For Appellees,

CITED

3 Metcalfe, 29, Dodd v. Combs.

Civil Code, section 577.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

This action was instituted to recover the possession of a certain bay horse. An order for the delivery of the property was sued out, and appellant, as plaintiff, having executed bond in conformity with the requirements of section 211 of the Civil Code, and the defendant failing to take the necessary steps to retain the horse, he was turned over to appellant.

The latter after this offered to dismiss the action, but his motion was overruled by the court, and of this he complains. One of the conditions of his bond is that he would duly prosecute the suit, and another that he would perform the judgment of the court in the action by returning the property, if a return thereof should be adjudged, and by paying such sums of money as might be adjudged against him, not exceeding double the value of the property and the costs of the litigation. After the execution of this bond and the obtention of the horse he had no right to dismiss his suit and thereby prevent a judgment.

He might, if he chose, abandon the further prosecution of his suit; but the defendant's claim for the return of the property taken from him in advance of judgment by an order of the court, interlocutory in its character, was of the nature of an action against the plaintiff, and could not be defeated or prejudiced by his refusal or failure to comply with the conditions of his bond. The defendant was entitled, in the action in which he had been dispossessed of property to which he asserted claim, to have a judgment for its return, and for such damages as he had sustained by or through the process of the court in such action. The motion of appellant to dismiss was properly overruled. Upon trial the jury returned a verdict

in favor of the defendant, and fixed the value of the horse at two hundred and fifty dollars.

Upon this verdict the court adjudged that the appellee should recover against appellant the amount of said verdict with interest, but did not allow a discharge of the judgment by the return of the horse.

Section 418 of the Civil Code is in these words: "In an action to recover the possession of personal property judgment for the plaintiff may be for the delivery of the property, or for the value thereof in case a delivery can not be had, and damages for the detention. Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value in case a return can not be had, and damages for the taking and withholding of the property."

Under this provision we are of opinion that the judgment should have been in the alternative, and should have allowed appellant to discharge it in so far as the value of the property was concerned by its return.

The failure of the court to render a judgment in conformity with the law is not a clerical misprision. There is nothing in the record showing that the judgment was so entered by mistake of the clerk, and nothing by which it may be corrected. Like an interest-bearing judgment upon a verdict for damages, this error is one of law, and not clerical in its character.

For this reason the judgment must be reversed. The cause is remanded for a new trial.