WM. PENCE *v.* GEO. W. ANDERSON, ETC.

**Replevin—Judgment for Return of Property.**

Where defendant in replevin objects to the setting aside of a judgment for return of the property and the submission of the question of the value of the property and the damages to its detention, he was not prejudiced by the judgment for return of the property.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 27, 1873.

OPINION BY JUDGE PETERS:

This action was brought by appellant to recover the possession of a bay mare, saddle, blanket and bridle, upon which the sheriff of Montgomery County had levied an execution in favor of appellee against him, and having executed bond under Section 211, Civil Code, and appellee having failed to take the necessary steps to prevent it, the property was surrendered by the sheriff to appellant.

At the June term, 1870, of the Montgomery Circuit Court, he dismissed his action, and on a subsequent day of the same term of the court appellee moved to amend the order of dismissal and for a judgment for a return of the property to be subjected to the satisfaction of his execution, and the court sustained the motion and amended the judgment.

And on a subsequent day of the same term of court appellee moved the court to set aside the judgment rendered in the case, and to have a jury empanelled and sworn to ascertain and fix the value of the property levied on by the sheriff, to which appellant objected.

In his bond executed for the purpose of having the property taken by the sheriff delivered to him, appellant undertook that he would duly prosecute the action and perform the judgment of the court therein by returning the bay mare, saddle, blanket, and bridle delivered to him if a return should be adjudged by the court or pay to Tipton, the sheriff, or to Anderson, the plaintiff in the execution, such sums of money as shall be adjudged against him.

After the execution of the bond and the delivery of the property to him by virtue thereof he had no right to dismiss his action, and to prevent a judgment against him for a return thereof, or for the

value to be assessed, and damages for the detention. *Rogers v. Bradford,* 8 Bush 163. To ascertain the value of the property and the damages for the detention, it was proper to have a jury empanelled. But appellee's motion therefor was objected to by appellant and he also opposed the setting aside of the judgment which had been rendered against him for the return of the property, and by doing so he waived his right to a jury, and the mere judgment for a return of what he had, by his action and bond deprived the sheriff, was not prejudicial.

*W. H. Holt, for appellant.*

*Turner & French, for appellee.*