## JAS. E. CHAPMAN v. WM. FEHLER & CO.

**Appeal—Sufficiency of Answer.**

The question as to the sufficiency of an answer cannot be raised for the first time in the Court of Appeals, although technically defective, where it was not demurred to.

**Mortgages—Enforcement Against Persons in Possession.**

A mortgagee cannot enforce a mortgage against persons in possession of the land at the time the mortgage was executed, without first establishing the existence of the claims which it purports to secure, whether the conveyance to the persons in possession was fraudulent or not.

**Replevin—Recovery on Replevin Bond.**

Where the amount named in a replevin bond does not appear to be the value of the property, or to be a penalty, judgment should be rendered for that amount on failure to deliver the property, or the value of the property should be found by the court or jury, and an accounting required.

APPEAL FROM BARREN CIRCUIT COURT.

December 4, 1873.

OPINION BY JUDGE LINDSAY:

Appellant accepted the answer of appellees as sufficient. It does not raise the issue as to whether or not John W. Chapman was

indebted to appellant, or whether the latter was bound for said Chapman as his surety on all or any of the notes described in the mortgage. The demands may be technically defective, but as the appellant did not demur, and as before stated, as the issues were raised by them, it is too late to raise the question in this court for the first time, as to the sufficiency of the answer.

It does not matter whether the sale to Fehler and Morse was fraudulent or not. They had possession of the property, and appellant could not enforce his mortgage against them, without first establishing the existence of the claims it purports to have been executed to secure. This he wholly failed to do.

The point that Graham made is that appellant claimed that John W. Chapman would pay every one except him. He did not specify any debt owing by the latter to him, nor claim as matter of fact that he owed him any given amount. The testimony of Page shows that appellant borrowed some money from him after the date of the mortgage, and stated that he and John W. Chapman intended to use it in paying off Fehler's claim, so that the property mortgaged might be relieved therefrom; but there is no proof that the money so borrowed was used for that purpose. It results therefore, that as appellant failed to show that John W. Chapman owed him anything, his petition as to Fehler & Morse was properly dismissed.

It was also proper to order a restoration by appellant of the property taken and delivered to him under the order issued pursuant to the provisions of Sec. 208, Civil Code; but it was error to adjudge that upon his failure to deliver said property he should pay the sum of $400. We regard this amount as having been inserted in the bond as a penalty. There is nothing to show that it was the appraised value of the property received by appellant; but even if it was, still appellant can not be required to pay such amount. He is entiled to have a finding, either by the court or by a jury, as to the actual value of the property when taken, and for this value, with interest from the date of the taking, and for no more, he may be required to account. Sec. 360, Civil Code. Young v. Parsons et al., 2 Met. 499.

The judgment requiring appellant to pay $400 upon failure to return the property, is reversed and the cause remanded for further

proper proceedings to ascertain its actual value, and then for a proper judgment.

*J. H. Lewis, for appellant.*

*Leslie & Botts, for appellees.*