CASE 58—PETITION ORDINARY—DECEMBER 17.

## Reid v. King, &c.

### APPEAL FROM CASEY CIRCUIT COURT.

1. FRAUDULENT CONVEYANCE—SECRET TRUST—INNOCENT PURCHASER.—As between the parties to a fraudulent conveyance the title passes; but where one who was in possession of land which he had conveyed to another in secret trust for the purpose of defrauding his creditors, cut timber from the land and disposed of it as his own, an innocent purchaser of the timber is entitled, as against the fraudulent grantee of the land who is claiming the timber, to show the real facts connected with the transfer of the land, and thus establish the authority of the grantor in possession to cut and dispose of the timber.

2. CONFUSION OF GOODS.—Where one commingles the goods of another with his own of like kind and value, and there is no perceptible difference in the size and shape of the articles which compose the commingled mass, the injured party may recover his given quantity, though the commingling was innocently done.

   This rule applied in this case to pieces of timber called "headings."

3. ACTION FOR RECOVERY OF PERSONAL PROPERTY—JUDGMENT.—In an action for the recovery of specific personal property, which is deliv ered to the plaintiff, if judgment is for the defendant, it must be in the alternative, giving the plaintiff the right to return the property or pay its value. It is error to render judgment in favor of defendant for the value.

HILL AND ALCORN FOR APPELLANT.

1. If the timber was cut from plaintiff's lands by trespassers, plaintiffs were not divested of title, and had the right to recover it in this form of action from any purchaser from the trespasser, however innocent of wrong that purchaser might be. (Strubbs v. Trustees C. S. Railway, 78 Ky., 481.)

2. The deed was good between the parties. No one but a creditor of Wm. Reid could, under any circumstances, attack it as void. (Gilpin v. Davis, 2 Bibb, 417; McCreery v. Pursley, 1 Mar., 114.)

3. In case of an *innocent* mingling or confusion of articles of like *quality*, *dimensions* and *value*, the claimant is not required to identify his own, but each takes his given quantity. (Colwell, v. Reeves, 2 Camp., cited in note f, 2 Parsons on Contracts, star page 475; 2 Kent's Com., star page 465; 1 Am. and Eng. Enc. Law, page 55, note 2.)

  As to the rule in case of fraudulent confusion, see Weil v. Silverstone, 6 Bush, 698.

4. Appellee, McFerran, having purchased from trespassers, it is immaterial whether or not he had notice that Wm. Reid had sold his interest in the land.

R. J. BRECKINRIDGE AND J. B. McFERRAN FOR APPELLEES.

1. The deed relied on in this case was not acknowledged by the party making the deed; and, therefore, was not ready for record, and the record was not constructive notice. (Gen. Stats., p. 316, sec. 15, subsec. 1.)

2. The plaintiff, failing to identify his property, was not entitled to recover. (Ames v. Miss. Boom Co., 8 Minn., 467; 3 Blackstone's Com., pp. 145, 152; 1 Chitty's Pleading, 163.)

3. As the record showed that the deed relied on was acknowledged by Samuel Reid, it was not competent for appellant to contradict the record by showing that it was acknowledged by Wm. Reid, the grantor.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this action is involved the recovery of the possession of forty thousand pieces of timber called *headings*, made out of timber standing upon the ground alleged to belong to the plaintiff. The timber was taken from the defendant under an order of delivery and delivered to the plaintiff. The right of property

was asserted by the defendant under a purchase made from one William Reid and his son, and on the trial the verdict being for the defendant, he was allowed the value of the headings, six hundred dollars, and a judgment rendered. This judgment is not only informal, but erroneous, for the reason that the Civil Code, section 388 (Carroll's), requires the judgment to be in the alternative, with the right on the part of the plaintiff to return the property or pay its value. It is plain that John W. Reid, the son of William Reid, was either a trespasser when he cut this timber, or the right to its use and appropriation, as well as the land itself, belonged to the father.

That the defendant was innocent of the want of title in John W. Reid, considering the latter to have been a trespasser, is plain from the facts; still, his innocence of the wrong can not vest him with title as against the lawful owner, who has been deprived of his title by the trespasser. There is testimony in the case showing that the plaintiff, John W. Reid, and the witness, William Reid, are brothers, and that this land from which the timber was cut descended to them and to their other brothers and sisters from their father. William Reid sold his undivided interest in this land to his brother John, and those interested with John being the absolute owners, as they claim, brought this action. A conveyance was made by William to John, and recorded in the county where the land lies; but William testified that he never surrendered the possession of the land, and only made the deed in secret trust to his brother to save his interest from being sold to pay his debts.

John W., who sold the *headings* to the defendant, says that his father was in the possession of his interest at the time he cut and sold the timber; and if this secret trust is established, as stated by William, the plaintiff can not recover, and instruction No. 1, not embodied in the bill of evidence, should have been, in substance, given. This court would not notice the instruction if a reversal did not necessarily follow, as it is not properly in the record. The mere possession by William or his son John W. would not authorize them to cut and dispose of this timber; but if the title was held in secret trust by John W. for his brother's use, and the latter was in its use and possession, the sale to defendant by the son of William, under the authority of the latter, passed the title. It is true that as between the vendor and the vendee the title passed, whether fraudulent or *bona fide*, but where innocent parties appear who are not ccnnected with the fraud, they may show the real facts connected with the transfer, and thus establish the authority of the vendor in possession to cut and dispose of the timber as his own.

It was not necessary for the plaintiff to identify the *headings*, under the facts of this case, to enable him to maintain the action. They had been mingled with other headings of a like description and value; so if there had been forty thousand of the headings in the one pile, and ten thousand of them belonged to the defendant by purchase from the real owner, and thirty thousand from one who was a trespasser by taking them from the plaintiff, the latter could maintain detinue or replevin for the thirty thousand; and, obtaining

possession under an order of delivery, would leave the defendant with his ten thousand, of which he is the rightful owner.

There was no perceptible difference in the headings, as to size, kind, shape and value, and when you separate the thirty thousand from the forty thousand, each party has what he is entitled to. Where the articles are different in quality, size or shape, it is not practicable to make the separation; but where it is practicable, the action for the recovery of the specified property may be maintained. Kent says, where corn or flour of equal value is mixed, the party injured may take his quantity. (2 Kent, 365.) Cooley says, where the grain mixed is all of the same kind, a like rule applies. (Cooley on Torts, page 53.) So the appellee may have been innocent of any wrong when he mingled the goods with his own. Under the proof, the action could be maintained; and the only question arising on the facts, *as they now appear*, is, did John W. have the right, under the authority of his father, to sell the timber; and was the title passed to the plaintiff, John W., that he might hold it in secret trust for his brother, and without any other consideration?

Judgment reversed, and remanded for a new trial consistent with this opinion.