## The New Era Land Co. v. Daniels, et al.

. (Decided April 18, 1911.)

### Appeal from Owsley Circuit Court.

Detinue.—Action to Recover Staves.—Verdict and Judgment.—In an action in Detinue in which the plaintiff had an order of delivery to recover 15,000 staves the jury returned this verdict: "We, the jury, agree and find for the defendants George Burns, Isaac Daniels and Levy Morris all the amount of these staves. George Allen, Foreman." Upon which the court rendered a judgment that the appellees were the owners of the staves in controversy and that their value when taken was $250.00. Held that the court erred in assessing the value of the staves in this action.

N. A. RICHARDSON, and HARRISON and HARRISON for appellant.

E. E. HOGG and JOHN C. EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellant brought this action in detinue claiming and seeking to recover 15,000 staves which it claimed were located at a certain point on Buffalo Creek in Wolfe county, Kentucky, and had an order of delivery issued for them. We gather from the briefs and statements in the record that the staves were taken possession of by the officers under the writ and, the defendants failing to give the bond permitted by section 188 of the Civil Code of Practice and retain the property, the sheriff turned it over to the plaintiff, appellant, after two days. Appellee, George Burns, filed an answer denying all the allegations of the petition and alleged that he owned 30 acres of land on Buffalo Creek; that the timber from which 5,080 of

the staves referred to were made was cut from this land, and claimed them as his, but claimed no interest in the balance of the staves. Appellees, Isaac Daniels and Levi Morris filed a joint answer claiming that they purchased the trees from a person in the vicinity and made about 10,000 of the staves, and denied appellant's ownership of the staves or any part of them. The parties had one trial of the case in the lower court and appellees won, but the verdict was set aside on motion of appellant, and a new trial granted. Appellant then filed an amended petition alleging that it had bought a certain boundary of land, describing it; that these staves were made from timber on that land and that appellees had entered upon their land and cut timber and made staves therefrom to the value of $250, for which damage they prayed judgment. Appellees' counsel moved the court to compel appellant to elect under which cause of action it would proceed; that is, the one brought in detinue or for trespass, as alleged in the amendment. The court sustained this motion and appellant elected to proceed under his first action, the one in detinue. The case was again tried and the jury returned a verdict as follows:

"We, the jury, agree and find for the defendants, George Burns, Isaac Daniels and Levi Morris, all the amount of these staves.

"GEORGE ALLEN, Foreman."

The court rendered a judgment upon this verdict to the effect that the defendants, appellees here, were and are the owners of the staves in controversy, and as a return of them is impossible, having been disposed of by appellant, it was adjudged by the court that the value of the staves when taken, was $250, and thereupon rendered a judgment in favor of appellees against appellant for that sum with interest and for costs. Appellant appeals from that judgment, but does not permit any bill of exceptions containing the testimony or instructions. The only question to be determined is: Can such a verdict and judgment be sustained in an action of this character? Section 388, Civil Code of Practice, provides that when property has been delivered to a plaintiff, as was done in the case at bar, if the judgment is for the defendant it must be for a return of the property, or its value, if the property can not be had, and damages for the taking and withholding of it. See the cases of Barron's Admr. v. Landes, 1 Duvall, 299; Rogers v. Bradford, 8 Bush,

163, and Reif v. King, 89 Ky., 388. In the case of Young v. Parsons, &c., 2 Met., 499 the property sued for was valued in the petition at $200. The defendant controverted the plaintiff's claim as in the case at bar, and the testimony showed that the property was worth $90. The verdict of the jury in that case was as follows:

"We, the jury, find for the defendants."

Thereupon the court rendered a judgment directing the plaintiff to restore the property to the defendants, if not, they recover of him $90, its value. An appeal was prosecuted by the plaintiff. In considering the case the court copied section 360 of the Civil Code, which is as follows:

"In actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever by their verdict there will be a judgment for the return of the property."

Continuing, the court said:

"Now, as in this case, a judgment for the return of the property necessarily followed a verdict for the defendants, the jury should have assessed the value of the property; and the court had no right to assess its value, either by reference to the proof upon the trial or the plaintiff's affidavit. The omission by the jury to assess the value of the property makes their verdict fatally defective, and the judgment rendered thereon is, therefore, erroneous."

There are other authorities supporting this one, but we deem it unnecessary to refer to them.

The court erred in assessing the value of the staves in this action, therefore, the judgment is reversed and remanded for further proceedings consistent herewith.