## Day v. Asher, et al.

(Decided December 6, 1911.)

## Appeal from Perry Circuit Court.

1. Deeds—Ambiguity on the Face—Cured by Parol Evidence.—The general rule is that where an ambiguity is patent on the face of the deed it cannot be cured by parol evidence, but that where there is no ambiguity on the face of the deed and the ambiguity is shown by parol evidence it may be removed by parol evidence.

2. Same—Sale of Trees—False Description—Identity of Thing Sold.—In this case the deed shows that Cornett sold Herman certain trees marked H. H. standing on his land. Then, in describing his land, he, by mistake, omitted one tract. A part of the description in the deed is false, but the deed shows that certain trees marked H. H. on Cornett's land, were sold to

Herman, and so the 100 acre tract belonged to Cornett and the trees on this tract were in fact counted and marked, the description of the trees themselves in the deed must control the erroneous description of the tracts of land. It is simply a case where it is shown by parol evidence that a part of a description of the thing sold in the deed is false, but where the actual identity of the thing sold is shown without doubt, the false part of the description may be disregarded.

W. H. MILLER, P. T. WHEELER and G. W. FLEENOR for appellant.

JOHN C. EVERSOLE, BAILEY P. WOOTEN, JESSE MORGAN, GREENE, VANWINKLE & SCHOOLFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—

Reversing.

In September, 1893, Franklin Cornett, who owned a large body of land in Perry county, sold to H. H. Herman 685 poplar trees and 3 black walnut trees standing on the land. The trees were counted and branded H. H., and Cornett executed to Herman a deed. Herman cut a part of the trees leaving some uncut, and 157 of these standing trees passed by deed to Floyd Day. A. B. Asher and John Cobb entered on the land, and cut the trees. Thereupon Floyd Day brought this suit alleging that he was the owner of the logs, and took out an order of delivery for the logs, which they had cut. They filed an answer controverting the allegations of his petition, and on a hearing before a jury, the court at the conclusion of the evidence for the plaintiff, instructed the jury peremptorily to find for the defendants; and the plaintiff's petition having been dismissed, he appeals.

The ruling of the court appears to have been based upon the idea that no title passed to Herman for the trees in controversy under the deed which Cornett made to him. The deed so far as material is as follows, omitting the caption:

"Witnesseth that for and in consideration of the sum of $857.50 in hand paid by the party of the second part to the party of the first part at and before the making and delivering of these presents, do hereby grant, bargain, sell and convey to the party of the second part, with covenants of general warranty, all and singular the 685 poplar trees and three black walnut trees standing and growing on the lands of the party of the first part,

said lands lying and being in the county of Perry and State of Kentucky, and on the waters of the Big Leatherwood Creek and bounded as follows, to-wit: Situated on the Beech and Clover forks of said Leatherwood and embraced in the following patents: 140 acres patented to Alexander Shepherd, July 10, 1869, No. 42062, see deed Shepherd to Cornett. Also 100 acres patented to William Cornett April 10, 1856, No. 24963, deeded to Franklin Cornett 16th day of July, 1890, for reference see deed book J, page 266 and 7. Also part of a six hundred acre survey made in the name of said William Cornett, see same deed book above referred to, same page, etc. Said trees being all the trees of the kind aforesaid, standing on said land and bearing the following distinguishing mark: HH, being all the merchantable timber of the above named kinds, eighty-four inches and upwards in circumferance, three feet above the ground on the upper side of the said tree; walnuts 52 inches, three feet above the ground.''

It will be observed that there is no ambiguity on the face of the deed. The difficulty arises from facts shown by parol evidence in this way: All of the trees marked H. H. did not stand on the surveys named in the deed. One hundred and fifty-seven of them stood on a survey made to Franklin Cornett for 100 acres of date, October 7, 1890, and this patent is not named in deed. The result is that if the deed is confined to trees standing on the tracts of land named in the deed, a part of the trees sold and marked H. H. are not covered by it. Franklin Cornett testified on the trial in substance that he sold Herman all the trees marked H. H., and that the omission of the 100 acre patent in the deed, was an oversight or mistake. After the deed to Herman was made Franklin Cornett conveyed this 100 acre patent to Hulda Cornett, and she testified on the trial that when she bought, these marked trees were not included in her purchase, that she was then informed that they belonged to Herman, and she has never claimed them. The defendants so far as appear do not claim either under Franklin Cornett or under her.

The general rule is that where an ambiguity is patent on the face of the deed, it cannot be cured by parol evidence, but that where there is no ambiguity on the face of the deed, and the ambiguity is shown by parol evidence, it may be removed by parol evidence. (1 Greenleaf on Evidence, section 297.) Practically a similar

question to what we have here, was before the court in Breeding v. Taylor, 13 B. Mon., 487. Disposing of it, the court said:

"The objection is, that the deed purports to convey land which the attorney, Grant, was not authorized to convey, and therefore that it passed no title. The discrepancy consists in the fact that the power refers to land patented to John Harris, and the land conveyed is in the sixth survey, which was not patented to him; and it is contended that the fifth survey, which had been patented to him, answers in other respects the description contained in the power to Grant, whence it is assumed that the power applies to the fifth survey, and is not applicable to the sixth.

"This discrepancy arises not from a comparison of the power and deed with each other, but from extrinsic facts, which show that in one particular the description in the power does not apply accurately to the land conveyed by the deed. It may be regarded, therefore, as a latent ambiguity, which, being produced by extrinsic facts, may also be solved by extrinsic evidence."

The rule thus laid down was followed in Hall v. Conlee, 23 Rep., 177, and Slusher v. Slusher, 31 Rep., 570.

The case comes to this. The deed shows that Cornett sold Herman certain trees marked H. H. standing on his land. Then in describing his land, he by mistake omitted one tract. A part of the description in the deed is false, but the deed shows that certain trees marked H. H. on Cornett's land were sold to Herman, and as the 100 acre tract then belonged to Cornett, and the trees on this tract were in fact counted and marked, the description of the trees themselves in the deed must control the erroneous description of the tracts of land. It is simply a case where it is shown by parol evidence that a part of the description of the thing sold in the deed is false, but where the actual identity of the thing sold is shown without doubt, the false part of the description may be disregarded.

Day takes under the deeds under which he claims, all the title of Herman. When the defendants cut the plaintiff's trees and mingled the logs with other logs they had cut from other land, so that plaintiff's logs could not be identified, he was entitled to take from the entire lot of logs which the defendants had placed in the stream, logs in number and corresponding in size and

quantity. with the logs which the defendants had cut from his trees. (Reid v. King, 89 Ky., 388.)

We therefore conclude that on the facts shown the court erred in instructing the jury to find for the defendants, and that nothing else appearing, he should have instructed the jury to find for the plaintiff.

Judgment reversed, and cause remanded for further proceedings consistent herewith.