## Torian v. Hibbs' Executrix.

(Decided October 20, 1922.)

### Appeal from Livingston Circuit Court.

1   Brokers—Contracts for Sale of Land—Commissions.—A contract between the owner of land and a broker, authorizing the latter to sell the land within fifteen days at a specified price, the broker to receive all over that price as his commission, may, after the contract has expired, be incorporated into and made a part of a new agreement, either commencing on the date of the new agreement or on the expiration of the old one.

2. Brokers—Agreement to Extend Time of Contract.—The words, "Jany. 28, 1920. I hereby agree to extend the time of this contract (15) fifteen days," written at the bottom of a former agreement that had expired and signed by the owner of the land, are ambiguous as to the date of the beginning of the extension—that is, whether at the expiration of the old contract or on the date of the new agreement.

3. Contracts—Parol Evidence—Intention of Parties.—Where a contract constitutes the entire agreement between the parties, the terms of which are so short and incomplete as to render it unintelligible, it is permissible to introduce parol evidence for the purpose of arriving at the intention of the parties when the contract was made, provided such evidence is not inconsistent with one of the different constructions of which the contract is reasonably susceptible; and, in order that such evidence may be introduced, it is also proper for the one relying on the contract to set out in a pleading what was meant by the parties in using the words in dispute.

A. M. NICHOLS and C. H. WILSON for appellant.

MOCQUOT, BERRY & REED for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

T. H. Torian is seeking to recover a judgment for $5,343.75 in this action, for commissions alleged to have been earned in procuring a purchaser for the farm of L. C. Hibbs. The suit was filed against Hibbs but he died after it was instituted, and it was revived and is now being prosecuted against his executrix.

The petition alleges that Hibbs employed the plaintiff to sell a farm in McCracken county, and agreed to pay him, as commission for making the sale, all over $18,000.-00 for which the farm was sold. The action rests on a written contract, dated January 9, 1920, and a supplemental agreement of January 28th. The original contract gave to Torian (the appellant) fifteen days in which to make the sale, and the second agreement, written at the bottom of the first, is as follows: "Jany. 28, 1920. I hereby agree to extend the time of this contract (15) fifteen days." The meaning of the second agreement as to the extension therein given was drawn in question by a demurrer to the petition as amended. The demurrer was sustained by the trial court on the ground that the extension was computable from the date of the expiration of the original agreement.

The two agreements are set up in the petition, and it is alleged by appellant that on the 11th day of February, 1920, he procured a purchaser for the farm agreeable to the terms offered by Hibbs, but Hibbs refused to make the sale. It is then alleged that appellant would have earned, as his commission for selling the farm, had Hibbs carried out his contract, $5,343.75, and judgment was asked for that sum. The amended petition alleges that after the first contract had expired the parties, wishing to renew it, agreed to adopt its terms for a further period of fifteen days from the 28th of January, 1920; that, in order to effectuate their purpose, they placed on the original agreement the indorsement of January 28, 1920; that the indorsement was signed by Hibbs, and it was the intention of the parties at that time that appellant should have fifteen days from the 28th day of January, 1920, in which to sell the land upon the terms and conditions set out in the original agreement; that a purchaser at $23,343.75 was procured by the plaintiff within that time, but defendant refused to consummate the sale, and plaintiff was, therefore, entitled to a judgment for $5,343.75.

The demurrer to the petition as amended was sustained, and it is contended for appellee that the ruling is correct: First, because the contract of January 9, 1920, ceased to exist on January 24th, and the indorsement of January 28th was a nullity; and second, that if the indorsement of January 28th did give new life to the original agreement, it provided for an extension of that agreement for fifteen days from January 24th and the extension expired on February 9th. Appellant contests both of these points and contends that the indorsement of January 28th, 1920, extended the time in which he was authorized to make the sale fifteen days from that date, but if that be not true, the allegations of his amended petition explaining the understanding and intention of the parties in making the indorsement, in conjunction with the averments of the original petition, state a good cause of action.

It is not conceivable to us that the first contention of appellee was adopted by the trial court, for, even if it was not possible to revive the contract of January 9th or to extend the effective date of its terms by the indorsement of January 28th—and this we by no means concede—it was certainly within the power of the parties, by proper reference to that contract, to incorporate its terms

into a new contract, either commencing on that date or on the date of the expiration of the old contract. That being true, the language of the supplemental agreement must be construed with the view of determining the date of the beginning of the extension. Evidently the trial court considered the agreement unambiguous, but with that conclusion we cannot agree, for the meaning of the words, "I hereby agree to extend the time of this contract (15) fifteen days," is not, in our opinion, clear as to when the fifteen days were to begin—that is, whether at the expiration of the old contract, January 24th, or on the date of the new agreement. They are reasonably susceptible of either construction, and the purpose of the parties in this respect being doubtful, we are, it seems to us, justified in considering any extraneous evidence that may be offered to discover the meaning and signify the intention of the parties.

In Castleman-Blakemore Co. v. Pickrell & Craig Co., 163 Ky. 750, after stating that where an agreement between parties is one and entire and only a part thereof is reduced to writing the residue may be proved by parol evidence, it is said: "The rule, however, is not without qualification. It is restricted in its application to cases in which the writing only purports to express a part of the contract, *or is expressed in such short and incomplete terms as to render parol evidence necessary to explain what is per se unintelligible, and the proposed evidence is not inconsistent with the terms of the writing.*" Many authorities are cited in support of this rule of evidence, among which is Greenleaf on Evidence, vol. 1, sec. 282. See also Hall v. Conlee, 23 Ky. Law Rep. 177, and Day v. Asher, etc., 141 Ky. 468. The doctrine is clearly applicable to the case at bar, for the agreement of January 28th, with reference to the date of the beginning of the extension, is so incomplete and ambiguous as to necessitate the admission of parol evidence to explain its meaning. Whether parol evidence would be admissible to establish appellant's contention on the facts set out in the petition alone we need not decide, although, as we have observed, the language of the agreement of January 28th is unintelligible as to what was in the minds of the parties as to when the extension should begin. The amendment, however, alleges that it was the intention and purpose of the parties in making that agreement to extend the period in which the sale might be made fifteen days from January 28th.

This is a clear expression of what the parties intended to express by language that is susceptible of a dual construction. The amended pleading does not make out a case where the written contract is unambiguous, and its terms are sought to be changed on the grounds of fraud or mistake, but it presents a case where the writing contains the entire contract, the terms of which are ambiguous, and cannot be fairly construed without the aid of parol evidence. In such cases it is the duty of the courts to admit extraneous evidence for the purpose of arriving at the intention of the parties.

The judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.