## City of Prestonsburg et al. v. Nunnery.

(Decided March 17, 1936).

HILL & HOBSON for appellants.

COMBS & COMBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Relying upon the fact that he was the owner of certain warrants issued by the city of Prestonsburg between August 30, 1930, and October 30, 1931, to E. P. Hill for his services as city clerk, and to A. C. Daniels for his services as policeman, which the city had refused to pay, and claiming that the city was paying warrants subsequent to his warrants, J. H. Nunnery brought this suit against the city and Richard Spurlock, its treasurer, to enjoin him from paying out money in his hands as treasurer until the further orders of the court, and for a writ of mandamus compelling him to pay, out of any funds in his hands as treasurer, plaintiff's debt, interest, and costs. The suit was filed on June 28, 1934, and summons was served that day on the defendant. On the same day a temporary restraining order was issued restraining the city and its treasurer from paying out any money in the treasury until the further orders of the court, and the case was set for trial on the motion for a mandatory injunction and writ of mandamus on July 5, 1934, and a copy of the order was served on the defendants. On July 5, plaintiff filed his motion for an injunction and writ of mandamus, together with a notice of the application which had been served on the defendant on June 30. The case was heard on the affidavit of Richard Spurlock, the treasurer, made July 2. On July 7, the court

enjoined Richard Spurlock, the treasurer, from paying out any of the funds in his hands as treasurer until the warrants of plaintiff had been fully paid, and issued a writ of mandamus directing him to pay plaintiff's warrants and interest. On September 5, plaintiff moved the court to dismiss the case without prejudice. On September 14, the city and Richard Spurlock, its treasurer, filed a demurrer to the petition. On September 21, Richard Spurlock, in resistance of the motion to dismiss, filed his affidavit stating that on July 7, he had paid the warrants. The motion to dismiss coming on for hearing, the defendants, after the court had indicated its intention to sustain the motion, moved the court to dissolve the restraining order of June 28, 1934, and the mandatory injunction or writ of mandamus entered on July 7, and also moved the court to require the plaintiff to pay the sum of $948.05, which had been paid him by the treasurer. The motion to file the various motions was overruled, and the motion to dismiss was sustained. From that order, the appeal is prosecuted.

We deem it unnecessary to determine the effect or validity of the order of mandamus issued on July 7, and complied with by the treasurer. The case is one where the plaintiff, after obtaining all the relief he desired, succeeded in having the court dismiss the action without prejudice. The result is that there is no action pending, and appellants are thus deprived of the right to move to set aside the order of July 7, or to take such other action concerning that order as they may desire. In the circumstances, one of two things is certain. The action should not have been dismissed, Rogers v. Bradford, 8 Bush, 163, or, if dismissed, Nunnery should have been required to restore to the city the payments which he received under the order of July 7. It follows that the order of dismissal without more was erroneous.

If upon return of the case appellee insists on his motion to dismiss, the court will grant it on the condition that he restore what he has received. Otherwise the court will set aside the order of dismissal, and permit appellants to take such steps as they may desire.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.