## American Bonding Co. v. Hurd.

(Decided May 23, 1911.)

### Appeal from Campbell Circuit Court.

Principal and Surety—Action Against Surety—Bond of Surety.— Surety's Liability—In an action upon a bond executed by the holder of a stock of goods sought to be recovered, the defense was made that the action could not be maintained because the judgment was not for the return of the property, but for its value. Held, That while this defense might have been made by the original defendant, it cannot in this action because the liability of the surety is measured by the terms of its bond and that was to perform the judgment of the court. It obligated itself to perform the judgment of the court and that judgment was that the defendant should pay the plaintiff $1,000.00 with interest and costs.

JOHN T. HODGE and OTTO WOLFF for appellant.

JOHN S. ROEBUCK for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In March, 1906, A. C. Hurd sold to C. D. Grawford a stock of groceries and certain store room fixtures in a grocery store in Newport, Kentucky. It was agreed between them that, as a part of the consideration for this sale, Crawford was to convey to Hurd a certain lot in said city. After the goods had been invoiced and their value ascertained and Crawford put in possession of the store, Hurd instituted a suit, in which he sought to recover of Crawford, the stock of goods, upon the ground that Crawford had no title to the lot, and hence was not in a position to convey it to him, and had obtained possession of the stock of goods by fraud. The bond required by Sec. 184 of the Code was executed by Hurd, but when the officer went to take possession of the store and goods, Crawford gave the bond as provided by Sec. 188 of the Code, with the Amer-

ican Bonding Company as surety, and kept the property. Issue was joined on the question as to whether or not the defendant had gained possession of the goods through fraudulent statements or representations, and upon a jury trial, under the following instruction, "If the jury believe from all the evidence that the defendant (Crawford) agreed and promised the plaintiff (Hurd) to convey to him a certain lot in Newport, Kentucky, in payment of the stock of groceries in controversy and that the defendant concealed from the plaintiff the fact that he was not the owner of said lot, then he came wrongfully in possession of the stock of groceries, and the jury should find for the plaintiff in a sum not exceeding $1,150.63, subject to a credit of $158, otherwise for the defendant," the following verdict was returned in favor of plaintiff: "We, the jury in the case of Hurd v. Crawford find for the plaintiff in the sum of $1,000." Upon this verdict the court rendered the following judgment: "It is therefore adjudged by the court that the plaintiff recover of the defendant the sum of $1,000, with interest from this day and until paid, and his costs herein expended, for which execution may issue." An appeal was prosecuted from that judgment to this court, and upon consideration here this judgment was affirmed. Crawford v. Hurd, 106 S. W., 849. Thereafter an execution issued upon the judgment, but was returned by the sheriff "no property found," following which Hurd instituted this suit, in which he seeks to recover of the American Bonding Company, the surety on said bond, the amount of his judgment and costs. Defendant answered, denied all liability in excess of $65.00, and offered to pay this amount into court, which plaintiff declined to accept. The affirmative matter in the answer, pleaded in avoidance of liability on the bond, was traversed, and upon the issue thus joined the case was submitted to a jury, with the result that plaintiff recovered a verdict for the amount sued for, to-wit, $1,000, with interest from January 15, 1907, and $60.65 costs. Judgment was in due time entered, motion and grounds for a new trial overruled, and the bonding company appeals.

The bond upon which this action is based is as follows: "A. C. Hurd v. C. D. Crawford. We bind ourselves and the plaintiff, A. C. Hurd, in the sum of $2,000, that the defendant C. D. Crawford shall perform the judgment of the court in this action. Witness our hands, this first day of May, 1906. American Bonding Co. of Baltimore, by W. W. Helm, Vice-President."

For appellant it is insisted, first, that before a recovery can be had against a surety on a bond of this character it must be pleaded and proven that there was a verdict and judgment for the return of the specific property, if to be had, and, if not, its value; and second, that the legal effect of the bond is that the defendant in the action in which the bond is given will surrender the property found by the jury and the judgment of the court to be wrongfully in his possession, or, if not on hand so as to be surrendered, that it will be answerable for the value of the property as fixed by the jury; that, inasmuch as no return of the property was awarded in this case and the value of the property was not assessed by the jury, the defendant was entitled to a peremptory instruction. Secs. 330 and 338 of the Code are relied upon as supporting the first proposition, and Sec. 188 of the Code, supported by numerous decisions of this court, is cited and relied upon as establishing the second proposition.

The defense here sought to be interposed might well have been made in the suit of Hurd v. Crawford. The several questions here raised might properly have been considered in that case upon a motion for new trial. But appellant's liability in this suit is measured by the terms of its contract. It obligated itself to perform the judgment of the court in that case, and the judgment of the court was that the defendant should pay to the plaintiff $1,000, with interest from a given date, and the costs of the action. This is the liability which appellant assumed by the plain terms of its bond. It may not complain because the jury did not award the return of the property, or, if not to be had, the payment of its value. Its obligation was to perform the judgment of the court, whatever that might be. When that judgment became final by affirmance upon appeal to this court, appellant's liability became fixed. Its obligation is wholly unlike the bonds in the case of Mounts v. Murphy, 126 Ky., 803, Vallandingham v. Ray, 128 Ky., 506, and other cases cited and relied upon. There the obligation was not to perform the judgment of the court simply, but to perform the judgment of the court by returning the personal property ordered delivered to the plaintiff, if a return were adjudged, and by paying to the defendant such sums of money as might be adjudged in the action against the plaintiff, and to diligently prosecute the suit. Those were bonds executed by the plaintiff in order to obtain possession of the property, and the property was in each

case taken from the defendant and delivered to the plaintiff. The undertaking in those cases on the part of the surety was entirely different from that in the bond under consideration. The only defense which might have been made to relieve appellant in part of its liability would have been to show, upon the former trial, that the goods retained by the defendant Crawford were of less value than claimed by the plaintiff Hurd. The jury evidently regarded the stock of goods and fixtures retained by the defendant as worth $1,000 over and above the sums which he had paid to the plaintiff Hurd, and they accordingly returned a verdict for this amount.

The judgment predicated thereon having become final, appellant's contract liability is fixed and the validity of that judgment is no longer a subject of inquiry. Under the proof appellee was entitled to a peremptory instruction, as the matter pleaded and offered in proof presented no defense to the action.

Judgment affirmed.