## WHITE AUTOMOBILE CO. vs. HAMILTON

(No. 1092, June 10th, 1924; 226 Pac. 687.)

APPEAL AND ERROR—FINDINGS—PLEADING—FILING OF REPLY—PRIN-
CIPAL AND SURETY—DEFENSE TO REDELIVERY BOND—COLLATERAL
ATTACK—EVIDENCE—JUDGMENT—AMENDED JUDGMENT.

1. Findings supported by substantial evidence will not be disturbed.

2. Permission to file reply after time fixed by statute, is within the discretion of the court.

3. Defendants not appearing on date of trial because of absence of reply should have moved for a continuance, and where counsel stipulated what absent witnesses could testify to if present, there was no error in permitting trial to proceed.

4. It was too late on appeal to complain that a redelivery bond sued on was not introduced in evidence, where this was not set up in assignments of error, especially where it was agreed that the court "should take judicial notice of it."

5. That a chattel mortgage, basis of replevin action, was void, cannot be set up in an action on redelivery bond.

6. Sureties sued on a redelivery bond cannot attack a money judgment in replevin action, as not being in alternative, as such defense would be a collateral attack.

7. In an action on a redelivery bond, presumption is that a modified judgment in replevin suit was regular, where regular on its face, and burden is on sureties to show that it was modified without notice.

8. Sureties on a redelivery bond are not entitled to notice of application for modification of a judgment in replevin suit, not being parties thereto.

9. Judgment in a replevin action is not void because amended at term of court at which rendered without notice of application.

APPEAL from District Court, Fremont County; CYRUS O. BROWN, Judge.

Action by the White Automobile Company against Ed. Hamilton and Ed. Conners. There was judgment for

plaintiff and defendants appeal. See also 29 Wyo. 109, 210 Pac. 958.

*M. C. Burk* and *George H. Paul* for Appellant.

The trial court was without authority to change or modify the record of its judgment, 23 Cyc. 868; a judgment for the surrender of securities cannot be changed to one for money damages, 23 Cyc. 869; in this case the judgment record was amended without notice, which was error, O'Brien v. O'Brien, 124 Cal. 422, 57 Pac. 225; Byrne v. Hoag, 116 Cal. 1, 47 Pac. 775; Bank v. Ducey, 110 Cal. 69, 42 Pac. 476. Amendments after judgment are confined to formal defects in pleadings or other proceedings, 53 Cyc. 873-876; a judgment once entered must be corrected if erroneous by proper proceedings, Id., all parties affected must be made parties to the application, 23 Cyc. 878; exhibits must be introduced in evidence, Thornborough v. R. Co., 14 Ind. 499, 2nd Wigmore Ev. 1185; Bank v. Bowen, 43 S. W. 483; chattel mortgages must recite that they are given for security, 4683 C. S. 1920, 71 Ark. 505; 65 L. R. A. 353; a redelivery bond in replevin extends only to such judgments as may be rendered for possession of property sued for, Cobbey Rep. 2nd Ed. 1321; liability of surety cannot be enlarged, Id., Vineyard v. Barnes, 124 Ill. 346; Jackson v. Hopkins, 92 Va. 601; Hall v. Tillman, 103 N. C. 276.

*F. A. Michels* and *G. J. Christie* for Respondent.

The judgment was not amended; questions urged by appellant constitute a collateral attack, 15 R. C. L. 838, 23 Cyc. 1062; Holt v. Cheyenne, (Wyo.) 137 Pac. 876; only void judgments may be attacked collaterally, 15 R. C. L. 835, 23 Cyc. 1055; Burke v. Ass'n., 25 Mont. 315; Haupt v. Simington, 27 Mont. 480; Morrill v. Morrill, 20 Ore. 96; the amendment was made to conform with the findings and was permissable, 34 Cyc. 1542; it was agreed by counsel at the trial that the court should take judicial notice

of the replevin bond, which was set out in the petition, and is a part of the record on appeal herein, and thus placed in evidence.

*M. C. Burk* and *George H. Paul* in Reply.

A court is without power to enter a judgment in excess of its jurisdiction, 15 Ency. Pro. 415; 15 R. C. L. 853; nor under guise of amendment enter a different judgment, 15 Ency. Pro. 113; amendments are confined to clerical errors, 15 Ency. Pro. 112, 15 R. C. L. 673. The judgment here was materially altered as to the interest of the plaintiff; value of property and amount of money judgment, additional evidence-was necessary to support said amendment, void judgments may be attacked on appeal for the first time, 21 A. L. R. 414, a judgment by default or by confession of the principal does not bind the surety, 21 R. C. L. 1091; U. S. v. Rundle, 107 Fed. 227; the original judgment against the principal was by default; the amended judgment was entered without notice, and is therefore void.

Blume, Justice.

This is an action on a re-delivery bond brought in the district court of Fremont County by the White Automobile Company, a Corporation, as plaintiff, against Ed. Hamilton and Ed. Conners, as defendants. Judgment was rendered in favor of the plaintiff for the sum of $2324.46 and costs, and the defendants appeal. The facts leading up to the judgment aforesaid are substantially as follows:

One Lewis M. Clark gave to the above named plaintiff a chattel mortgage on one White two-ton truck to secure the sum of $1833.42, and providing that in case of default in any of the terms of the mortgage, the mortgagee might take possession of the property. The mortgage was acknowledged March 12th, 1920 and filed of record in Fremont County, Wyoming, on April 30, 1920. On May 15, 1920, said plaintiff corporation commenced an action of

replevin in the district court of Fremont County against said Lewis M. Clark to recover possession of said property, or for judgment or $2042.18 with interest, alleging that default had occurred in the terms of the said mortgage, and that defendant refused, upon demand, to turn the truck over to plaintiff. The property described in said mortgage was evidently taken into possession of the sheriff under a writ of replevin issued in said action, but a re-delivery bond was given by said Lewis M. Clark, with Ed. Conners and Ed. Hamilton, defendants in the present case, as sureties. The condition of the bond is as follows, to-wit:

"The condition of the above obligation is such that if the defendant shall safely keep the property replevined so that the same shall not in any way be injured or damaged, and if he will deliver the same to the plaintiff, if judgment shall be rendered to that effect, and if he shall pay to the plaintiff all such sums of money as the plaintiff may recover in the action, and if the defendant shall pay all damages and costs, if judgment be rendered to that effect, then this obligation shall be void, otherwise in full force and effect."

It does not appear whether the defendant Lewis M. Clark made any defense in said action of replevin. In any event, on December 27, 1920, a judgment was rendered in said cause in favor of said plaintiff. It recites that all of the allegations of plaintiff's petition are true; that the value of the property mentioned in plaintiff's petition is $2600; and that Ed. Conners and Ed. Hamilton are sureties on the re-delivery bond given in said action. It closes as follows:

"Now, therefore, on motion of plaintiff's attorneys, it is ordered and adjudged that the plaintiff do have and recover of defendant and his said sureties, the possession of

the property described in plaintiff's petition, to-wit: (here describing the property), together with $6.80 costs, and in case a delivery of said property cannot be had, then and in that case, plaintiff do have and recover of defendant and his said sureties, the sum of $2600, the value of said property, together with costs in the sum of $6.80.''

Thereafter, on February 10, 1921, an amended judgment was entered in said cause. It recites that the said cause came on for hearing in open court on February 10, 1921, one of the days of the regular November, 1920 term of said court; that plaintiff applied for the modification and amendment of said judgment of December 27, 1920, and that the court has heard the evidence and is advised in the premises. It closes as follows:

''It is hereby ordered that said judgment be, and the same is hereby, modified and amended so as to read as follows, to-wit: 'That all the allegations of plaintiff's amended petition are true; that the value of the property mentioned in plaintiff's petition was on the 15th day of May, 1920, $2600; that on the said 15th day of May, 1920, plaintiff had a special interest in said property amounting to $2042.18, and was on said date entitled to the possession of said property, to-wit: (here describing the property) for the purpose of foreclosing his lien thereon, and that defendant wrongfully withheld possession of said truck from plaintiff, and that the value of said property on the 27th day of December, 1920 was not to exceed $200; Now, therefore, on motion of plaintiff's attorney it is hereby ordered and adjudged that plaintiff do have and recover judgment against the defendant in the sum of $2042.18, with interest thereon from the 15th day of May, 1920, together with costs, taxed at $6.80, making a total judgment of $2144.25.' ''

Thereupon, on February 24, 1921, the said plaintiff herein commenced this action against said defendants Ed. Hamilton and Ed. Conners for the purpose of recovering from said defendants the amount of $2144.25, together with interest, in accordance with the terms of the re-delivery bond given by said defendants as hereinbefore mentioned. A demurrer to the petition was sustained, and an amended petition was filed on May 27, 1921. Said defendants Ed. Conners and Ed. Hamilton filed an answer in said cause on July 2, 1921, and to the affirmative allegations in the answer plaintiff filed a reply on September 1, 1921. The cause came on for hearing on September 1st, 1921, and judgment was entered for the plaintiff for the amount prayed for.

1. The defendant pleaded and sought to prove that soon after the 27th day of December, 1920, the date when the first judgment in the replevin action was rendered, the plaintiff corporation took possession of the truck above mentioned through its agent, Ralph Allen, and that at that time the said truck was in good condition and of the value of $2600, or more than the amount due the plaintiff. This evidence was introduced, no doubt, to show payment to plaintiff in full of the original indebtedness owing to it by Lewis M. Clark, as well as the indebtedness evidenced by the amended judgment in the replevin action. The trial court found against defendants on this issue. The agent, Ralph Allen, above referred to, was a witness in the case, and denied any such delivery to plaintiff. There was substantial testimony to sustain the said holding of the trial court, and hence under the repeated decisions of this court, we cannot disturb its finding.

2. The answer to the amended petition herein was filed on July 2nd, 1921. No reply having been filed, defendant on September 1, 1921, the date on which the trial was commenced, filed a motion for judgment on the pleadings, claiming that the allegations in the answer constituted a complete defense. The motion was apparently overruled

and a reply filed. At the beginning of the trial counsel for defendant objected to the introduction of any evidence because of the filing of the reply at so late a time. The objection was overruled and of this action complaint is made. We are not certain as to whether or not the statute —section 5687 W. C. S. 1920—fixes a definite time for the filing of a reply to an amended petition; if not, then the court under the holding of McGinnis v. Beatty, 28 Wyo. 328, 204 Pac. 340, was not authorized to strike the reply without first fixing a time for the filing thereof or to refuse to permit it to be filed when no such time had been fixed. We need not decide the point, for the reason that though the time for filing such reply is fixed by statute, and though such reply was not filed within such time, still it was within the court's discretion to permit that to be done thereafter (31 Cyc. 597), and we cannot say that the court abused its discretion. Counsel claim that the defendants themselves were not present and that no proper opportunity to present their defense was given. Why they were not present does not appear. If counsel thought that their presence was unnecessary because no reply had been filed, then, even though justified in that attitude, which we doubt, they should at least have made a motion for continuance. But no such motion was made. More than a day's time to procure the presence of witnesses was given by the court when counsel for defendant suggested that the necessary witnesses were not present, and no objection was thereafter interposed to continuing and concluding the trial. On the contrary, it was stipulated between counsel for both parties what the witnesses could testify to if present at the trial. Hence we cannot say that there is any error in the record because of the foregoing proceedings.

3. Counsel for defendant claim that the re-delivery bond signed by defendants was not introduced in evidence, and hence no basis exists for the judgment herein. This is evidently an after-thought of counsel, is not set up in

the assignments of error, and we cannot, therefore, properly consider the point. We might, however, add that the bond sued on was set out in haec verba in the petition and amended petition and counsel, upon the trial of the case, agreed that the court "should take judicial notice of it," that is, we take it, should consider it as introduced in evidence. We cannot, therefore, see how counsel have any ground for complaint.

4.   It is claimed that the mortgage, the basis of the replevin action, was void. This claim could have been set up in the replevin action, but not in this action. In 23 Cyc. 1278 it is said:

"The surety on a bond given in the course of legal proceedings submits himself to the acts of the principal, and to the judgment, as itself a legal consequence, falling within the suretyship, and therefore is conclusively bound by a judgment against the principal, to the exclusion of all defenses which were or might have been set up by the latter." See Mayott v. Knott, 16 Wyo. 108, 92 Pac. 240.

And again in 34 Cyc. 1585-6 it is said:

"The general rule as to the conclusiveness upon the surety of a bond given in the course of legal proceedings, of a judgment against the principal, applies to a surety upon a replevin bond, and he is conclusively bound by the judgment against the principal as to all matters which were, or might have been litigated in the main action, although he was not served with process and did not appear and defend, and the surety cannot question the judgment upon any other ground than fraud or mistake, and similarly matters litigated in the replevin suit cannot be re-examined in a suit upon the redelivery bond. Thus the amount of the judgment in replevin is conclusive in a subsequent action on a replevin bond for a breach thereof."

The surety, it is further stated, may prove that the judgment was subsequently satisfied by a delivery of the property, on the theory that this does not impeach the record of the judgment, and we are not prepared to say that this was not proper even in the case at bar, although the judgment in the replevin suit as amended, was only for a money judgment. We need not decide the point. The question was litigated, and as we have seen, the court, upon the evidence produced, found against the defendants on that issue.

5. As previously stated, the original judgment in the replevin action was entered on December 27, 1920, and was substantially in the alternative, although the money judgment, in case the property could not be returned, was fixed at $2600, which was in excess of the amount due to plaintiff. This was subsequently corrected. Soon after the entry of the foregoing judgment, plaintiff discovered, it seems, that the truck had become worthless, and as the amended judgment recites, not to exceed in value the sum of $200, and accordingly proceeded to ask the court to amend such judgment which was done on February 10, 1921, at which time, as we have seen, a money judgment was entered for the sum of $2144.25, the amount of the interest of plaintiff in the truck. It is contended, in the first place, that the judgment should have been in the alternative, and ordinarily speaking, this is correct in a case of that kind, as was stated in Boswell v. Bank, 16 Wyo. 161, 209, 92 Pac. 624, 93 Pac. 661. But that case also holds that a judgment is not necessarily erroneous because it is not in the alternative; that if delivery cannot be made, and the court is satisfied of that fact, a money judgment alone may be entered, and a special finding that delivery cannot be made is not necessary; that an absolute judgment for the money is equivalent to such finding. Further than that courts have held, that the fact that the judgment is not in the alternative, when it should have

been, is no defense in an action against the sureties on a replevin bond, as such defense would be a collateral attack on such judgment. 34 Cyc. 1594; Eisenhart v. McGarry, 15 Colo. App. 1, 61 Pac. 56; McCarthy v. Strait, 7 Colo. App. 59, 42 Pac. 189; Cox v. Sargent, 10 Colo. App. 1, 50 Pac. 201; Seely v. McQuillan, 59 Nebr. 158, 80 N. W. 504; Bonding Co. v. Hurd, 143 Ky. 799, 137 S. W. 539; Reynolds v. Reynolds, 115 Mich. 378, 73 N. W. 425. In 23 Cyc. 1068-9 it is said:

"Neither can it be urged against a judgment collaterally that it was changed by way of amendment or correction after its entry or after the expiration of the term."

It is contended, however, that the court had no power to amend the judgment in the replevin suit without notice; that the action of the court, taken without notice, was void and not voidable merely, and that hence the sureties on the replevin bond may attack the judgment. We may say, in the first place, that the record herein fails to disclose whether any notice of the application to have the judgment in the replevin suit modified was given to Lewis M. Clark or not. True, Mr. Burk represented the defendant till December 27, 1920, when the original judgment was entered. He testified that he ceased to be attorney for Clark at that time. He did not attempt to testify that Clark had no notice. The judgment of February 10, 1921, appears to be regular on its face; the presumption is that it is regular and the burden to prove it to be otherwise is on the party attacking it. No notice to the sureties on the replevin bond was necessary, since they were not parties to the replevin suit, and they were bound, as heretofore shown, by the judgment against Clark unless, of course, obtained by fraud or without jurisdiction. But we may go further. It is not the law, as contended, that a judgment amended at the same term of court, as was the judgment in the replevin action here, is void if no notice

of the application to have it amended in a substantial
manner is given to the adversary. Counsel cite us to 23
Cyc. 868, 869, 876, stating in effect that amendments to a
judgment can only be made as to formal matters. We
have taken the trouble of examining all or substantially
all of the cases there cited. Most of them deal with amend-
ments of judgments after the term, and have, therefore, no
application here. In some of the cases it is not clear
whether the amendment was made during or after the
term. The New York and California cases are decided
under a statute. In the latter state it seems to be held
that the common law giving a court power to vacate, mod-
ify or amend its judgment during the term was abolished
in that state by abolition of terms of court. Wiggin v.
Superior Court, 68 Cal. 398, 9 Pac. 646. The question now
under consideration was fully considered by this court in
the case of Mitter v. Black Diamond Coal Co., 28 Wyo.
439, 449, 206 Pac. 152, which counsel must have over-
looked. Numerous cases are there cited, to which we may
add 23 Cyc. 879; O'Conner v. Mullen, 11 Ill. 57; Richard-
son v. Howk, 45 Ind. 451; Black on Judgments (2nd Ed.)
Sec. 153 and numerous cases there cited. It is according-
ly unnecessary to consider this question further.

6. Counsel say "that the court permitted the plaintiff
to amend its pleadings to cover an entirely different truck,
for which the bond in replevin was originally given, which
would invalidate the replevin bond." We do not under-
stand what counsel mean, and they have not pointed out
how the statement is in any way justified by the record.
So far as we are able to discover, the replevin action was
brought to recover a certain truck covered by a chattel
mortgage executed on March 12th, 1920, and filed for
record on April 30th, 1920. The amended petition in the
replevin action seeks to recover the same truck, and we
find nothing in any amendments made, whereby a differ-
ent one was sought to be recovered.

Finding no prejudicial error in the record, the judgment herein should be affirmed. It is so ordered.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.

NOTE—See Headnotes (1) 4 C. J. p. 878; (2) 31 Cyc. p. 597; (3) 31 Cyc. p. 247; (4) 3 C. J. p. 1336; (5) 34 Cyc. p. 1586; (6) 34 Cyc. p. 1594; (7) 22 C. J. p. 129 (1926 Anno.); (8) 34 C. J. p. 247 (1926 Anno.); (9) 34 C. J. p. 246.